Oscar STILLEY *v.* Harold E. HENSON;
Doris Tate, In Her Official Capacity as
County Clerk of Sebastian County, Arkansas;
and Tom Johnson, Richard Griffin, and
David Harp, In Their Official Capacities
as County Election Commissioners of
Sebastian County, Arkansas

00-1060 28 S.W.3d 274

Supreme Court of Arkansas
Opinion delivered October 12, 2000

*Appellant*, pro se.

*Friday, Eldredge & Clark*, by: *R. Christopher Lawson*, for appellee Harold E. Henson.

ANNABELLE CLINTON IMBER, Justice. The appellant, Oscar Stilley, requests that we reverse the Sebastian County Circuit Court's order striking from the November 7, 2000 general election ballot in Sebastian County, Arkansas, a proposed ordinance reducing the percentage rate of an existing county sales and use tax. We decline to do so and hold that the initiative petition is facially invalid and fails to comply with Amendment 7 to the Arkansas Constitution because it is contrary to the specific enactment procedures mandated by Ark. Code Ann. §§ 26-74-201 *et seq.* (Repl. 1997 and Supp. 1999) for levying or repealing a countywide sales and use tax. We affirm the circuit court's order of mandamus.

The ordinance in question was initiated pursuant to Amendment 7 to the Arkansas Constitution and submitted by Mr. Stilley to the Sebastian County Clerk on August 7, 2000. The initiative petition bore the popular name "an initiated ordinance to reduce the Sebastian County countywide one per cent (1%) sales and use tax to one-half of one percent (1/2%)." The Sebastian County Clerk certified the sufficiency of the initiative petition on August 18, 2000, for placement on the November 7, 2000 general election ballot. Immediately thereafter, on August 31, 2000, a petition for a writ of mandamus was filed by appellee, Harold Henson, challenging the legal validity of the initiative petition. He sought an order of mandamus from the Sebastian County Circuit Court to prevent the county clerk and the Sebastian County Election Commissioners from placing the initiative petition on the ballot. Mr. Stilley, as the sponsor of the initiative petition, intervened in the matter on September 5, 2000. In his response to the petition for a writ of mandamus, Mr. Stilley challenged the circuit court's jurisdiction and requested that the petition be denied. Following a hearing, the circuit court issued an order of mandamus on September 11, 2000.

In granting the mandamus, the circuit court concluded that the initiative petition was invalid on its face and ordered the county clerk and the county election commissioners not to place the initiative petition on the ballot. Specifically, the circuit court found that the state statutes authorizing counties to levy or repeal a countywide sales and use tax, Ark. Code Ann. §§ 26-74-201 et seq., provide a procedure for voters to either adopt the tax or abolish the tax, but do not provide a procedure for voters to reduce the rate of an existing tax. Because the initiative petition proposed an ordinance to reduce the rate of an existing tax, the circuit court found the initiative petition to be contrary to the authorizing legislation, thereby rendering the initiative invalid under Amendment 7 to the Arkansas Constitution, which provides that no local legislation shall be enacted contrary to any general law of the state.

Mr. Stilley brings an expedited appeal of the circuit court's order of mandamus to this court. For his only point on appeal, Mr. Stilley argues that "[t]he trial court erred in ruling that the grant of an express power to counties to impose sales taxes, upon voter approval, did not by implication grant the power to reduce those taxes, in increments authorized by statute." We have jurisdiction pursuant to Arkansas Supreme Court Rule 1-2(a)(3) and (4) (2000).

## I. Circuit Court Jurisdiction

 Mr. Stilley initially challenges the circuit court's jurisdiction to review this pre-election challenge to the legal validity of the proposed ordinance. Arkansas Code Annotated, section 16-115-102 (1987), provides that: "The circuit and chancery court shall have power to hear and determine petitions for the writ of mandamus and prohibition and to issue such writs to all inferior courts, tribunals, and officers in their respective jurisdictions." Since the enactment of that statute in 1939, however, this court has held that the provision of the statute providing for chancery court jurisdiction over petitions for writs of mandamus violates the Arkansas Constitution. *Nethercutt v. Pulaski County Special School Dist.*, 248 Ark. 143, 450 S.W.2d 777 (1970). "It follows, therefore, that jurisdiction of writs of mandamus being traditionally common law writs, is restricted to and vested solely in our circuit or law courts." *Id.*, 248 Ark. at 147, 450 S.W.2d at 779. Additionally, when the legal validity of an initiative petition is at issue, jurisdiction is in circuit court. *Mertz v. States*, 318 Ark. 390, 885 S.W.2d 853 (1994). On the other hand, when the challenge goes to the county clerk's determination of the sufficiency of the petition, such as a challenge to the signatures, jurisdiction is in chancery court. *Mertz v. States, supra*; *Dean v. Williams*, 339 Ark. 439, 6 S.W.3d 89 (1999); *Moorman v. Lynch*, 310 Ark. 525, 837 S.W.2d 886 (1992).

 The only substantive allegation in Mr. Henson's petition for a writ of mandamus is that the initiated petition is facially invalid because it is directly contrary to the state statutes authorizing the levy and collection of a county sales and use tax. Thus, this case involves a challenge to the legal validity of an initiative petition. Moreover, the county clerk's determination of the sufficiency of the petition has not been challenged here.[1] Accordingly, we conclude that the circuit court had jurisdiction in this case.

---

[1] Although Mr. Henson requested, in part, that the circuit court "[command] the County Clerk to decertify the sufficiency of the Initiative Petition," none of his substantive allegations go to the petition's sufficiency.

## II. Justiciability

█ Before we can reach the merits of Mr. Stilley's point on appeal, we must first determine whether this pre-election challenge to the validity of the proposed ordinance presents an issue that is ripe for adjudication. In *Plugge v. McCuen*, 310 Ark. 654, 841 S.W.2d 139 (1992), we declined to decide a constitutional challenge to a proposed constitutional amendment before the election had occurred on the ground that this court cannot issue advisory opinions. We distinguished our earlier holding in *Czeck v. Baer*, 283 Ark. 457, 677 S.W.2d 833 (1984), that the legal validity of a proposed measure may be considered and decided even before the election, by noting that the proposed measure in *Czech v. Baer* was "clearly contrary to law and should not have been submitted to the electorate," whereas the proposed measure in *Plugge v. McCuen* was not so clear. *Plugge v. McCuen*, 310 Ark. at 660, 841 S.W.2d at 142. More recently, in *Donovan v. Priest*, 326 Ark. 353, 931 S.W.2d 119 (1996), we clarified our precedent on the issue of whether we will entertain a challenge to the legal validity of such measures prior to an election. We stated:

> It has been said that the pertinent issue in cases such as this one 'is *not* the hypothetical question of whether the law, if passed, would be constitutionally defective; rather, it is the present and ripe question whether the measure's proponents are entitled to invoke the direct legislation process at all.'

*Id.*, 326 Ark. at 359, 931 S.W.2d at 121. Thus, we held that we could review the question of whether a measure's proponents are entitled to invoke the direct initiative process in the first place.

█ That is precisely the issue currently before us. Amendment 7 to the Arkansas Constitution provides that "no local legislation shall be *enacted* contrary to the Constitution or any general law of the State." (Emphasis added.) If local legislation such as the proposed ordinance at issue here is to be enacted at all pursuant to Amendment 7, it must be *enacted* in accordance with the procedures set forth in the authorizing legislation. Specific procedures are mandated by Ark. Code Ann. §§ 26-74-201 *et seq.* for levying a county sales and use tax and for repealing a county sales and use tax that has been previously levied. The crux of the circuit court's ruling was that the initiated petition circumvented the enactment

procedures expressly authorized by Ark. Code Ann. §§ 26-74-201 *et seq.* Consequently, the issue here is whether the measure's proponents are entitled to invoke the direct initiative process. This case is therefore justiciable pursuant to the rules laid down in *Donovan v. Priest, supra.*

### III. Legal Validity of Initiative Petition

Through the initiative process, the voters of Sebastian County may exercise the powers reserved to them under Amendment 7 to propose and enact local legislation in and for the county. As previously stated, however, the legislative power reserved to the people by Amendment 7 is limited in that no local legislation may be enacted contrary to the Constitution or any general law of the state. Ark. Const. amend. 7. The circuit court found that Mr. Stilley's initiative petition was contrary to the authorizing legislation, Ark. Code Ann. §§ 26-74-201 *et seq.,* and therefore the proposed ordinance's advocates were not entitled to invoke the direct initiative process. We agree.

█ It is undisputed that the one percent (1%) sales and use tax at issue here was levied pursuant to the provisions of Ark. Code Ann. §§ 26-74-201 *et seq.,* which mandate specific procedures for levying a county sales and use tax and for repealing a tax that has been previously levied. Section 26-74-207(a), in relevant part, provides:

> (a) The county quorum courts may call an election for the levy of a countywide sales and use tax in the amount of one-fourth of one percent (.25%), one-half of one percent (0.5%), three-fourths of one percent (.75%), or one percent (1%).

Section 26-74-208 (a) provides:

> (a) The ballot title to be used shall be substantially in the following form:

> [ ] "FOR adoption of a .... percent (...%) sales and use tax within ...................................................... (Name of county)."

> [ ] "AGAINST adoption of a .... percent (...%) sales and use tax within ......................................... (Name of county)."

Section 26-74-210, in relevant part, provides:

> (a)(1) When the question of the levy or repeal of a county sales and use tax is submitted to the electors and the proposition is approved or defeated, the question shall not again be submitted to the electors by ordinance of the quorum court of the county or by petition of electors at a special or general election for a period of six (6) months from the date the proposition was last voted upon.

***

> (b) The ballot title for use in an election on the question of abolishing the county sales and use tax shall be the same as indicated in § 26-74-208, except that the word "ABOLISH" shall be substituted for the word "ADOPTION."

Thus, the voters can adopt a tax at one of four rates specified by statute, and, if they later decide to do so, the voters can totally abolish the tax. However, the General Assembly has not expressly authorized counties to reduce the rate of an existing sales and use tax. The circuit court concluded that neither the Sebastian County Quorum Court nor the voters of Sebastian County, through the initiative process, have statutory authority to reduce the rate of the county sales and use tax previously levied pursuant to Ark. Code Ann. §§ 26-74-201 *et seq.*

■ Mr. Stilley disputes the circuit court's findings on two grounds. First, he argues that the General Assembly's grant of power to the counties to levy or repeal the tax necessarily implies the power to reduce the rate of the tax. In making this argument, Mr Stilley relies upon the following language in Ark. Code Ann. § 26-74-210 (c):

> Notwithstanding anything in this subchapter to the contrary, in any county in which a local sales and use tax has been adopted in the manner provided for in this subchapter and all or any portion pledged to secure lease rentals or the payment of bonds as authorized by this subchapter, that portion of the tax pledged to lease rentals or bonds shall not be repealed, abolished, or *reduced* so long as the lease is effective or any of such bonds are outstanding.

Ark. Code Ann. § 26-74-210(c) (emphasis added). Mr. Stilley suggests that the General Assembly's use of the word "reduced" in

section 26-74-210(c) necessarily implies the possibility of a reduction in the rate of a previously levied tax. We disagree. The plain language of that provision does not indicate that the overall rate of the tax may be reduced; rather, it provides that the *"portion of the tax pledged"* to lease rentals or bonds" shall *not* be reduced. Furthermore, this language was contained in Act 723 of 1983, which amended Ark. Code Ann. §§ 26-74-201 *et seq.*, to authorize the issuance of bonds secured by tax revenues so that counties could obtain funds for capital improvements.[2] Act 723 did not amend the provisions of Ark. Code Ann. §§ 26-74-201 *et seq.* that authorize specific procedures for adopting or abolishing a tax. For these reasons, we conclude that Mr. Stilley's argument concerning the use of the word "reduced" in section 26-74-210(c) is without merit.

Mr. Stilley also relies on the case of *City of Ward v. Ward Water & Sewer System*, 280 Ark. 177, 655 S.W.2d 454 (1983), for the proposition that the power to levy the tax would imply the power to reduce the rate of the tax. Mr. Stilley's reliance on that case, however, is misplaced. In *City of Ward*, we stated that "[i]t is a firm rule that the power to make legislation includes the power to repeal." *Id.*, 280 Ark. at 179, 655 S.W.2d at 456. We said nothing in that case about the power of a municipal corporation to reduce the rate of a tax previously levied. Furthermore, the single issue presented in *City of Ward* was whether the city council, having adopted an ordinance creating a water and sewer commission, had the power to *completely* abolish the commission.

■■■■ A county is a municipal corporation. *City of Hot Springs v. Gray*, 215 Ark. 243, 219 S.W.2d 930 (1949). Municipal corporations are creatures of the legislature and as such have only the power bestowed upon them by statute or the Arkansas Constitution. *Jones v. American Home Life Ins. Co.*, 293 Ark. 330, 738 S.W.2d 387 (1987). It is well settled that municipal corporations have no inherent powers and can exercise only (1) those expressly given to them by state statute or the Arkansas Constitution, (2) those necessarily implied for the purposes of, or incident to, the

---

[2] The emergency clause in Act 723 of 1983 provided: "It has been found and is hereby declared by the General Assembly of the State of Arkansas that certain counties within the State are in dire need for additional capital funds to provide essential services and facilities of such counties; that the most appropriate way for such counties to provide such funds is by the levying of a sales and use tax on gross receipts derived from certain businesses within the county and the issuance of bonds payable from such tax revenues as herein authorized[.]"

express powers, and (3) those indispensable, not merely convenient, to their objects and purposes. *Cosgrove v. City of West Memphis*, 327 Ark. 324, 938 S.W.2d 827 (1997). Finally, any substantial doubt about the existence of a power in a municipal corporation must be resolved against it. *Id.*; *City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982); *Town of Dyess v. Williams*, 247 Ark. 155, 444 S.W.2d 701 (1969). Here, there is substantial doubt about whether the county and its voters have been given the authority to reduce the rate of an existing county sales and use tax. It is not clear that such a power is necessarily implied from the express power to adopt or abolish the tax authorized by Ark. Code Ann. §§ 26-74-207, 208, and 210; nor is it clear that such a power is indispensable.[3] Accordingly, we conclude that the General Assembly has not expressly or by implication authorized Sebastian County and its voters to reduce the rate of an existing county sales and use tax.

For his second ground, Mr. Stilley contends that "if the power [to reduce the rate of the tax] is not implied, the statutory grant of power to counties to levy sales taxes is unconstitutional in that it requires, in certain circumstances, the collection of taxes in excess of that required for the 'existence, maintenance and well being' of the county" in violation of Article 2, section 23, of the Arkansas Constitution. Article 2, section 23, of the Arkansas Constitution provides, in part, that "the General Assembly may delegate the taxing power, with the necessary restrictions, to the State's subordinate political and municipal corporations *to the extent of providing for their existence, maintenance and well being, but no further.*" (Emphasis added.) Mr. Stilley argues that if a reduction in the rate of the tax is prohibited, then the tax would continue even if the rate was in excess of that needed for the county's existence, maintenance, and well-being. We disagree. If the voters determine that the tax was levied at a rate in excess of that needed for the existence, maintenance and well-being of the county, they may vote to abolish the tax. Likewise, if the voters subsequently decide to adopt another tax at a lesser rate, they are free to do so. In either instance,

---

[3] Mr. Stilley points out that a county has the power pursuant to Ark. Code Ann. §§ 26-74-201 *et seq.* to abolish the tax altogether and then to levy another tax later at a lesser rate, thereby creating the same result as his initiative petition by an indirect means. He therefore argues that the voters should be allowed to reach the same result directly by adopting his initiative petition. That argument in itself tends to establish that the power proposed by Mr. Stilley is not indispensible; rather, it is a matter of mere convenience.

however, they are limited to the enactment procedures authorized by Ark. Code Ann. §§ 26-74-201 *et seq.* Those procedures are fully consistent with Article 2, section 23, of the Arkansas Constitution.

■ For these reasons, we hold that Mr. Stilley's initiative petition is facially invalid and fails to comply with Amendment 7 because it is contrary to Ark. Code Ann. §§ 26-74-201 *et seq.*, which grants counties and their voters the authority to adopt or abolish a county sales and use tax, but does not grant them the authority to reduce the rate of an existing tax.

Affirmed, the mandate to issue immediately.