OSCAR STILLEY *v.* Maurice HUBBS, Robert
Garner; Patti Hill, In Her Official Capacity
as County Clerk of Crawford County, Arkansas;
Kenneth Chitwood, Bill Coleman, and Helen
Campbell, in Their Official Capacities as
County Election Commissioners
of Crawford County, Arkansas

00-1141 40 S.W.3d 209

Supreme Court of Arkansas
Opinion delivered March 1, 2001
[Petition for rehearing denied April 5, 2001.]

*Appellant,* pro se.

*Friday, Eldredge & Clark,* by: *R. Christopher Lawson,* for appellees.

TOM GLAZE, Justice. We assumed jurisdiction of this case because it involved an election issue of first impression. Sup. Ct. R. 1-2(a)(4) and (b)(1). However, we recently decided the same issue in *Stilley v. Henson,* 342 Ark. 346, 28 S.W.3d 274 (2000). In *Henson,* Sebastian County had a one percent sales and use tax, but, on August 7, 2000, Oscar Stilley filed an initiative petition with the Sebastian County Clerk to give the voters the opportunity to

approve or disapprove an ordinance to reduce the existing tax to one-half of one percent. The Sebastian County Clerk certified the sufficiency of Mr. Stilley's petition for placement of the issue on the November 7, 2000, general election ballot. Harold Henson filed a petition for writ of mandamus in Sebastian County Circuit Court, challenging the validity of Stilley's initiative petition. The Sebastion County Circuit Court allowed Mr. Stilley to intervene to argue the validity of his initiative petition, but the circuit court rejected his argument and granted Henson a writ of mandamus on September 11, 2000. The circuit court ordered the Sebastian County Clerk and the Sebastian County Board of Election Commissioners to refrain from placing Stilley's proposed measure on the ballot. In affirming the circuit court's decision on October 12, 2000, we held the initiative petition was facially invalid and failed to comply with Amendment 7 to the Arkansas Constitution because it was contrary to the specific enactment procedures mandated by Ark. Code Ann. §§ 26-74-201, *et seq.* (Repl. 1997 and Supp. 1999), for levying or repealing a countywide sales and use tax. *Id.* at 349.

As he had done in Sebastian County, Stilley filed an identical initiative petition on August 7, 2000, with the Crawford County Clerk. The purpose of the petition was to allow the Crawford County voters to approve or disapprove a proposed ordinance which would reduce Crawford County's one percent sales and use tax to one-half of one percent. Maurice Hubbs and Robert Garner, Crawford County voters, petitioned the Crawford County Circuit Court to declare Stilley's initiative petition facially invalid and contrary to Amendment 7 to the Arkansas Constitution and existing state laws. After permitting Mr. Stilley to intervene in the action to defend the validity of his initiative petition, the Crawford County Circuit Court, on September 18, 2000, granted the relief requested by Hubbs and Garner, held Stilley's petition to be facially invalid, and commanded the Crawford County Clerk to decertify her original finding that the initiative petition was sufficient. Again, like he did in the *Henson* case in Sebastian County, Stilley appealed the Crawford County Court's decision to this court and, making the same arguments as he urged in *Henson*, he submits that the lower court's ruling that his initiative petition is facially invalid should be reversed. For the same reasons we set out in *Henson* in affirming the Sebastian County Circuit Court on this issue, we now affirm the Crawford County Circuit Court's decision.

Hubbs and Garner additionally requested and were awarded attorney's fees in the amount of $7,500.00 by the Crawford County Circuit Court; Stilley now contends the trial court erred in making

such an award because no statute authorized it. Stilley cites the case of *Arkansas Oklahoma Gas Company v. Waelder Oil & Gas, Inc.*, 332 Ark. 548, 966 S.W.2d 259 (1998), for the general rule in Arkansas that attorney's fees are not awarded unless expressly provided for by statute or rule.

In defending the award of attorney's fees, Hubbs and Garner argue Stilley did not make the objection or argument concerning the fees he now makes on appeal; therefore, he failed to preserve the issue for appellate review. Furthermore, they submit statutory authority does exist for a court to impose sanctions in the form of an attorney's fee up to $5,000.00 under Ark. Code Ann. § 16-22-309 (Repl. 1999), when the trial court finds there is a complete absence of a justiciable issue of either law or fact raised by the losing party or his attorney. Hubbs and Garner argue that Stilley could not in good faith have considered his Crawford County initiative petition a valid measure when he argued its validity in the Crawford County Circuit Court, when only one week earlier, the Sebastian County Circuit Court had ruled an almost identical initiative petition facially invalid. Because § 16-22-309 limits an award of attorney's fees to $5,000.00, they agree to accept a remittitur reducing the $7,500.00 awarded to them to $5,000.00.

As to the preservation issue raised by Hubbs and Garner, we note the record reflects that they requested attorney's fees without mentioning any statute or court rule, nor did they specify an amount. At the end of the parties' hearing, the circuit court generally concluded, "All right, the court's going to allow you [Hubbs and Garner] a fee of $7,500.00." Stilley made no response at the hearing, nor did he question the fee by posttrial motion after the trial court included its award of attorney's fees as a part of its final order.

 In awarding attorney's fees under Ark. Code Ann. § 16-22-309(c) (Repl. 1999), the trial court may pronounce its decision on the fees at the conclusion of the trial or special proceeding without written motion and with or without presentation of additional evidence. The judgment for attorney's fees, if any, shall be included in the final judgment entered in the action. *Id.* On appeal, the question as to whether there was a complete absence of a justiciable issue shall be determined de novo on the record of the trial court alone. Ark. Code Ann. § 16-22-309(d) (Repl. 1999). In *Elliott v. Hurst*, 307 Ark. 134, 817 S.W.2d 877 (1991), this court, in applying these statutory provisions, held that where the trial court awards attorney's fees in its final judgment, the party or attorney

ordered to pay the fee may then question the validity of the award on appeal merely by requesting a de novo review of the question as to whether a justiciable issue existed below. Thus, even though Stilley never questioned the attorney's fee award at trial, we conclude he can question that award on appeal by a de novo showing that a justiciable issue existed in this case. Of course, if a justiciable issue is shown, the Crawford County Circuit Court erred in awarding attorney's fees. Our review reflects the court erred.

 To point out the obvious, when Stilley pursued his defense of his proposed initiative measure in the Crawford County litigation after the Sebastian County Circuit Court ruling, our court had, as of that date, not yet considered or decided the issue presented in the Sebastian and Crawford County cases. Accordingly, Stilley appealed both decisions in an attempt to overturn those two courts' holdings. The Sebastian County case, *Henson*, reached us first, and in deciding that appeal, we were required to determine if a justiciable issue was involved. Our court, in determining whether a justiciable issue existed, relied on *Donovan v. Priest*, 326 Ark. 353, 931 S.W.2d 119 (1996), where this court said the following:

> It has been said that the pertinent issue in cases such as this one "is not the hypothetical question of whether the law, if passed, would be constitutionally defective; rather, it is the present and ripe question whether the measure's proponents are entitled to invoke the direct legislation process at all."

Our court in *Henson* concluded that the justiciable issue to be decided was whether Stilley could reduce the existing countywide one percent sales and use tax by invoking the direct-initiative process. Of course, we answered the issue by saying no in *Henson* and, as stated hereinabove, that decision controls the identical issue presented in this appeal. Because the initiative-petition issue Stilley raised in the Sebastian County and Crawford County lawsuits involved a justiciable issue, we reverse the Crawford County Circuit Court's award of attorney's fees.

██ Whether Stilley should have continued with part of the recent appeal is a separate question, which we now address as we are authorized to do under Rule 11 of the Rules of Appellate Procedure—Civil. Rule 11 in pertinent part provides that the supreme court or the court of appeals "shall impose a sanction upon a party or attorney or both for taking or continuing a frivolous appeal . . . . For purposes of this rule, a frivolous appeal is one that has no

reasonable legal or factual basis." *Id.* at (b). (Emphasis added.) Such sanctions "may include, but are not limited to, dismissal of the appeal; striking a brief, motion, or other paper; awarding actual costs and expenses, including reasonable attorney's fees; imposing a penalty payable to the court . . . ." *Id.* at (c). A party by motion may request sanctions be imposed or the appellate court may impose a sanction on its own initiative. *Id.* at (d). If the court on its own initiative determines that a sanction may be appropriate, the court shall order the party or attorney to show cause in writing why a sanction should not be imposed. *Id.*; compare *Jones v. Jones,* 378 Ark. 684, 944 S.W.2d 121 (1997).

■ Here, as previously discussed, the case of *Stilley v. Henson, supra,* is controlling of the same issue in this appeal. That decision was handed down by this court on October 12, 2000; nonetheless, Mr. Stilley continued his Crawford County appeal. He filed his original brief on October 6, 2000, and Hubbs and Garner filed their responsive briefs on November 13, 2000, wherein they pointed to the *Henson* opinion as deciding this appeal. Instead of dismissing part of this appeal in light of the *Henson* decision, Stilley, in his reply brief filed on November 17, 2000, merely continued to disagree with *Henson* by saying it was "fatally flawed."[1] Stilley further stated in his reply brief that "if this court chooses once again to ignore what cannot be refuted, obviously [he] is stuck with [the] rule of law" stated in *Henson.*

Because of Mr. Stilley's refusal to accept this court's decision in *Henson* and his continued pursuit of this appeal even though the *Henson* decision — more than four months earlier — disposed of the identical issue in this appeal, we conclude that a sanction may be appropriate. Therefore, we order Mr. Stilley to show cause in writing why a sanction should not be imposed against him. Such writing shall be filed no later than seven days after the date of this opinion. If he files a writing, Hubbs and Garner may have four days to respond from the date of Stilley's writing.

For the reasons stated above, we affirm the Crawford County Circuit Court's decision to grant Hubb's and Garner's request for writ of mandamus, but reverse that court's award of attorney's fees. Concerning the collateral matter involving whether this court should impose a sanction under Rule 11, we will accept the parties'

---

[1] The time for filing a petition for rehearing in the *Henson* case ended on October 30, 2000. Stilley, however, filed no such petition, nor did he move to dismiss his Crawford County case.

writings under the foregoing schedule, and will then issue a supplemental opinion deciding whether Rule 11 sanctions will be imposed.

---

SUPPLEMENTAL OPINION on DENIAL of REHEARING

March 22, 2001

*Appellant,* pro se.

*Friday, Eldredge & Clark,* by: R. Christopher Lawson, for appellees.

PER CURIAM. ■ In this appeal, we issued our opinion on March 1, 2000, wherein we affirmed the Crawford County Circuit Court. We did so because the central issue was identical to the one we already decided four months earlier in our decision in *Stilley v. Henson*, 342 Ark. 346, 28 S.W.3d 274 (2000). Upon pointing out that attorney Oscar Stilley had continued this appeal even though he was aware the *Henson* decision had considered and disposed of the identical issue presented in this appeal. We concluded sanctions under Rule 11 of the Rules of Appellate Procedure—Civil might be appropriate. Rule 11 provides the court shall impose a sanction upon a party or attorney or both for taking or continuing a frivolous appeal. We directed Mr. Stilley to show cause why a sanction should not be imposed against him, and we also allowed appellees to respond. Both Mr. Stilley and appellees have filed their writings.

■ Mr. Stilley asks court members to disqualify and, alternatively, requests we refrain from imposing any sanctions. We conclude that disqualification is clearly inappropriate in these circumstances and that sanctions must be imposed. In this case, the paramount issue was whether Mr. Stilley's initiative petition was facially invalid and failed to comply with Amendment 7 to the Constitution because it was contrary to the specific enactment procedures mandated by Ark. Code Ann. §§ 26-74-201, et seq. (Repl. 1997 and Supp. 1999) for levying or repealing a countywide sales and use tax. We answered this exact issue in *Henson*. While Mr. Stilley voices dissatisfaction with this decision, this court discussed and distinguished the arguments and citations of authorities presented by Mr. Stilley.

■ Mr. Stilley's responsive writing disavows any need for Rule 11 sanctions, but he continues to present the same arguments he made in *Henson*.[1] We determine a fair sanction in these circumstances would be the award of a reasonable attorneys' fee to appellees for requiring appellees to go forward in defending this appeal. *See* Rule 11(c); *see also Jones v. Jones*, 329 Ark. 320, 947 S.W.2d 6 (1997). Therefore, we order that Mr. Stilley pay appellees the amount of $2,000.00, and do so within twenty days from the issuance of this supplemental opinion.

---

[1] Mr. Stilley also refers to this court's decisions in "Dramshop Act" cases decided over the past years where the court eventually rejected earlier common law decisions. Those cases have no significance here where Mr. Stilley simply refused to accept this court's mandate in *Henson* which was issued only four months earlier.