STATE of Arkansas *v.* Victor WARREN

CR 00-1179                                      49 S.W.3d 103

Supreme Court of Arkansas
Opinion delivered July 9, 2001

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*McCullough Law Firm*, by: *R.S. McCullough*, for appellee.

ANNABELLE CLINTON IMBER, Justice. On March 1, 2000, the State charged Victor Warren in Pulaski County Circuit Court with being a felon in possession of a firearm (FIP) in violation of Ark. Code Ann. § 5-73-103 (Repl. 1997).[1] The State's FIP charge was predicated upon its assertion that Mr. Warren had previously been convicted of a felony. The facts in this matter are not disputed. In 1977, the Cross County Circuit Court had placed Mr. Warren on five years' probation after he entered a plea of guilty to felony charges of burglary and theft of property. This disposition by the Cross County Circuit Court was subject to the expungement provisions of Act 346 of 1975, a first-offender statute later codified in Ark. Code Ann. § 16-93-301 *et seq.* (1987).[2] Eventually, Mr. Warren went to the Cross County Circuit Court and obtained an order dated July 31, 1997, which found that he had complied with its 1977 orders. Pursuant to the expungement provisions of Ark. Code Ann. § 16-93-301 *et seq*, the Cross County Circuit Court sealed and expunged Mr. Warren's record.

Mr. Warren filed a motion to dismiss the FIP charge in Pulaski County, asserting that the State could demonstrate no predicate felony necessary to prove that he was a felon in possession of a firearm because his prior record had been properly expunged under section 16-93-303(b)(1). The State argued that, pursuant to Act 595 of 1995, the expunged felony record in Cross County could still be used as a predicate felony sufficient for an FIP prosecution. The trial court rejected the State's argument and granted Mr. Warren's motion to dismiss the FIP charge.

---

[1] Section 5-73-103(a) and (b) in relevant part provide: "(a) No person shall possess or own any firearm who has been convicted of a felony; . . . (b) A determination by a jury or a court that a person committed a felony (1) shall constitute a conviction for purposes of subsection (a) of this section even though the court . . . placed the defendant on probation, . . . ."

[2] This Act was subsequently amended in 1995. *See* Act 998 of 1995, codified at Ark. Code Ann. § 16-93-301 *et seq* (Supp. 1999).

■ ■ The State now brings this appeal under Arkansas Rules of Appellate Procedure—Criminal Rule 3(b) and (c), asserting that the trial court improperly granted Mr. Warren's motion to dismiss the State's FIP charge. The State maintains in its jurisdictional statement that review of the trial court's ruling is necessary to insure the correct and uniform administration of the criminal law, "particularly as the interpretation of statutes and Acts of the General Assembly is required."[3] Before addressing the merits of the State's claim in this case, we must first determine whether this issue is properly before us under Rule 3(c). The principles governing our acceptance of appeals by the State in criminal cases are well-settled and clear:

> We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. Rule 3(c). As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *State v. Banks*, 322 Ark. 344, 345, 909 S.W.2d 634, 635 (1995). Where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *State v. Harris*, 315 Ark. 595, 868 S.W.2d 488 (1994). Appeals are not allowed merely to demonstrate the fact that the trial court erred. *State v. Spear and Boyce*, 123 Ark. 449, 185 S.W. 788 (1916).

*State v. Thompson*, 343 Ark. 135, 138-39, 34 S.W.3d 33, 35 (2000) (quoting *State v. Stephenson*, 330 Ark. 594, 595, 955 S.W.2d 518 (1997)).

■ Based upon the above-stated principles, we conclude that this case presents no issue essential to the correct and uniform administration of the criminal law. To the contrary, the case at bar raises exactly the same issue that this court addressed and decided in *State v. Ross*, 344 Ark. 364, 39 S.W.3d 789 (2001). In that case, the trial court dismissed a felon-in-possession charge against Mr. Ross

---

[3] The State's Senior Assistant Attorney General, David R. Raupp, also avers in the jurisdictional statement that "this appeal is of substantial public interest and raises a significant issue needing clarification of the law concerning the construction of statutes and the acts of the General Assembly." This statement, required by Ark. Sup. Ct. R. 1-2(c)(1)(B)(ii), relates to the division of cases between the Supreme Court and the Court of Appeals under Ark. Sup. Ct. R. 1-2(b) rather than the State's authority to take an appeal in a criminal case, which is governed by Ark. R. App. P.—Crim. 3. Under Rule 3(c), the Office of the Attorney General must certify that the correct and uniform administration of the criminal law requires review by an appellate court.

because his prior felony conviction had been expunged. The State appealed the trial court's ruling and argued before this court that Act 595 of 1995 allowed the use of Mr. Ross's expunged record to support a felon-in-possession prosecution. *Id.* Act 595 prohibits the possession of a firearm by anyone who has been determined by a court or a jury to have committed a felony, even if that conviction has been expunged pursuant to any act. However, Act 595 was not enacted until after Mr. Ross pled guilty and was placed on probation under Ark. Code Ann. § 5-64-401 *et seq.* (1987), a first offender statute; and section 5-64-407 of that statute mandated that the circuit court "discharge Ross and dismiss the proceedings against him upon Ross's fulfillment of the terms and conditions of his probation." *State v. Ross*, 344 Ark. at 366-67, 39 S.W.3d at 790-91. Specifically, at the time Mr. Ross was placed on probation in 1994, § 5-64-407, in pertinent part, provided:

> Whenever any person who has not previously pleaded guilty or been found guilty, . . . pleads guilty to or is found guilty of possession of a controlled substance under § 5-64-401 . . . this court . . . may defer proceedings and place him on probation for a period of not less than one year. . . . Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualification or disabilities imposed by law upon conviction of a crime. . . .

We rejected the State's argument that Act 595 should be applied retroactively and affirmed the trial court's order of dismissal. *State v. Ross*, 344 Ark. at 368, 39 S.W.3d at 791.

As in *State v. Ross*, the State's FIP prosecution in this case depends upon proof of a felony conviction that has been expunged. Mr. Warren was placed on probation in 1977 under Act 346 of 1975, another first-offender statute. Upon expungement, pursuant to the terms of that Act, Mr. Warren was "discharged without court adjudication of guilt," the charges against him were dismissed, the records were sealed, and Mr. Warren was "completely exonerated of any criminal purpose." Act 346 of 1975, codified at Ark. Code Ann. § 16-93-301, -303(b)(1) and (2) (1987).[4] The State again

---

[4] At the time Mr. Warren was placed on probation in 1977, section 16-93-303(b) (1) and (2) provided: "(1) Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order

argues, as it did in *State v. Ross, supra,* that Act 595 of 1995 authorizes the prosecution of Mr. Warren despite the expungement of his record and that Act 595 should be applied retroactively to Mr. Warren. In light of our holding in *State v. Ross, supra,* it is clear that the State cannot now rely upon Mr. Warren's expunged record to prosecute him as a felon in possession of a firearm pursuant to Act 595 of 1995.

We decided *State v. Ross, supra,* on April 5, 2001, and the State petitioned for rehearing on April 18, 2001. On May 3, 2001, we denied the State's petition for rehearing and our mandate issued. At that time, briefing in the instant matter was ongoing. The State does not dispute the application of *State v. Ross, supra,* to the instant case. To the contrary, the Office of the Attorney General, through Senior Assistant Attorney General David R. Raupp, acknowledges in its May 21 reply brief, that *State v. Ross, supra,* is controlling, but urges us to overrule that decision. Following our decision in *Ross* and denial of rehearing, the State had more than ample time to review the decision and file a motion to dismiss the pending appeal in this case. The State chose not to do so. Instead of dismissing the State's appeal against Mr. Warren, the Office of the Attorney General decided to pursue a frivolous and meritless appeal because it was "not happy with the *Ross* decision" and because it thinks *Ross* was "wrongly decided."

In the recent case of *Stilley v. Hubbs,* 344 Ark. 1, 40 S.W.3d 209 (2001), Mr. Stilley continued to pursue issues in his appeal that we had clearly decided adversely to him in *Stilley v. Henson,* 342 Ark. 346, 28 S.W.3d 274 (2000), only four months earlier. Mr. Stilley refused to concede the merits of the issues that had been decided by the *Henson* decision and urged this court to reverse itself and rule in his favor in the *Hubbs* appeal. Pursuant to Ark. R. App. P.—Civil 11, we imposed a sanction in the amount of $2,000 against Mr. Stilley for his failure to dismiss that portion of his appeal that had already been decided in *Stilley v. Henson, supra. Stilley v. Hubbs,* 344 Ark. 1, 7, 40 S.W.3d 209, 213 (2001) (supplemental opinion imposing Rule 11 sanctions). Civil rule 11 authorizes the imposition of sanctions for civil appeals that are not "well grounded in fact, . . .

---

which shall effectively dismiss the case, discharge the defendant, and expunge the record. (2) The order shall completely exonerate the defendant of any criminal purpose and shall not affect any civil rights or liberties of the defendant."

warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; [or] filed for an improper purpose."

■ The Rules of Appellate Procedure—Criminal do not authorize the imposition of sanctions for frivolous appeals in criminal cases. However, in appeals by the State, the Office of the Attorney General is required by Ark. R. App. P.—Crim. 3(c) to certify that it "is satisfied that error has been committed to the prejudice of the state, and that the correct and uniform administration of the criminal law requires review by the Supreme Court." As in the case of *Stilley v. Hubbs, supra,* the State has acknowledged that only three months ago we handed down our decision in *State v. Ross, supra,* which directly controls the issues presented by the State in this appeal. We will not allow the State to pursue frivolous appeals of criminal matters without recourse when we have held that such actions in a civil case warrant sanctions. On a prior occasion, when it has been clear to this court that the State has not acted responsibly or with diligence in a criminal matter, a copy of our opinion has been forwarded to the Committee on Professional Conduct. *Bowen v. State,* 320 Ark. 342, 895 S.W.2d 941 (1995).

This appeal is dismissed under Ark. R. App. P.—Crim. 3(c), and a copy of this decision will be forwarded to the Committee on Professional Conduct.