Mr. Hugh C. Durham, Director Arkansas Game and Fish Commission 2 Natural Resources Drive Little Rock, Arkansas 72205
Dear Mr. Durham:
I am writing in response to your request for an opinion on the hunting rights of individuals with "expunged" felony convictions. Specifically, you reference my previous Opinion 2001-260, addressing several questions about the issuance of concealed carry handgun permits by the Arkansas State Police to persons with expunged felony convictions. You state that you are seeking an additional opinion from my office on a related Game and Fish Commission matter and that "the restoration of hunting rights with firearms for persons with [an expunged] felony conviction prior to enactment of Act 595 [of 1995] is at issue." It is my understanding that your question is whether persons with expunged felony convictions may lawfully possess firearms when engaging in hunting activities.[1]
RESPONSE
In my opinion, consistent with the conclusions reached in Opinion2001-260, the answer depends upon the date the person committed the expunged felony, the act under which he/she was sentenced and whether all proper procedures with regard to the sentencing and expungement were followed. Individuals who were properly sentenced for felonies under either Act 346 of 1975 (the "First Offender Act"), or under A.C.A. §5-64-407 (for first time drug offenders), for crimes committed prior to March 13, 1995 (the effective date of Act 595 of 1995), and who successfully complete their probationary period and later have a valid expungement order entered by the court are not ineligible to possess firearms. They will thus not be subject to prosecution for possession of a firearm while engaged in hunting activities. The Arkansas Supreme Court has made this clear in State v. Warren, 345 Ark. 508, 49 S.W.3d 103
(2001) and State v. Ross, 344 Ark. 364, 39 S.W.3d 789 (2001). Conversely, in my opinion, persons who were sentenced for crimes committed on or after March 13, 1995, and who later obtain a valid expungement, will nonetheless be subject to prosecution for being a felon in possession of a firearm while hunting. Act 595 of 1995 compels this result. These persons must obtain either a specific pardon under A.C.A. § 5-73-103(b)(2), a restoration of firearms rights under A.C.A. §5-73-103(d) or some type of authorization from the United States Treasury Department consistent with A.C.A. § 5-73-103(a) to be eligible to possess a firearm.
I will not reiterate the legal background and the conclusions discussed in Opinion 2001-260. I have enclosed a copy of that Opinion for your review. The issue discussed in Opinion 2001-260 and the issue you raise each involve the same underlying issue, which is the legality of an individual with an expunged felony conviction possessing a firearm under A.C.A. § 5-73-103 (the "felon-in-possession" statute). The conclusions reached in Opinion 2001-260 with regard to concealed carry permits, to this extent, therefore, are equally applicable to persons wishing to possess firearms for purposes of hunting. The decisions in State v.Warren, supra and State v. Ross, supra are discussed fully therein and are controlling on the issue.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] You have phrased your request: "How must the Arkansas Game Fish Commission treat an expunged felony record for individuals seeking to purchase a hunting license who were convicted prior to the enactment of Act 595 of 1995?" It is my understanding, however, from discussions with your General Counsel, that the issuance of hunting licenses by the Commission is not at issue and the question for resolution is the legality of the described individuals possessing firearms while hunting.