The Honorable Bob Adams State Representative 320 Grant 4653 Sheridan, AR 72150
Dear Representative Adams:
I am writing in response to your request for an opinion on the following:
 Recently, in reviewing Arkansas Statute 24-8-810, section (d)(1), Attorney J. Larry Allen had some questions. The said section states, "If the amount in the municipal judge retirement fund is greater than the actuarially determined amount of the liabilities to be transferred to the system, that excess may be retained by the sponsoring government entity for the sole purpose of paying the retirement benefits of district judges." Attorney Allen's questions are as follows:
1. Exactly what can be done with the excess funds?
2. Can a Judge receive the amount remaining when he retires?
RESPONSE
In my opinion, the funds in excess of the amount required to be transferred to the Arkansas District Judge Retirement System may only be used to pay for the retirement benefits of district judges as defined by A.C.A. §§ 24-8-801 through -821 (Supp. 2003) or returned to the sponsoring government entity if there is no further obligation to fund the district judge retirement system under A.C.A. § 24-8-810(d)(2). Furthermore, it is my opinion that the answer to your second question is "no." A retiring district judge may not receive the excess retained by the government entity.
Question One: Pursuant to A.C.A. § 24-8-810 (d)(1), exactly whatcan be done with the excess funds?
The excess funds referenced in A.C.A. § 24-8-804(d)(1) may only be retained by the sponsoring government entity if there is no further obligation to fund the District Judge Retirement Fund under A.C.A. § 24-8-810(d)(2), otherwise the excess must be used to fund the retirement benefits of district judges.
The General Assembly established the Arkansas District Judge Retirement Fund in Act 1374 of 2003. The District Judge Retirement Fund replaces various local retirement plans for municipal judges with a state plan.See A.C.A. §§ 24-8-802(4) and -810(a). Government entities who sponsored a local retirement plan for municipal judges are required to pay an amount equal to the actuarially determined liability to pay the retirement benefits accrued by former and current District Court Judges as of December 31, 2004 to the District Judge Retirement Fund. A.C.A. § 24-8-810(a). If a government entity has more funds available in the municipal retirement fund than the determined liability, A.C.A. § 810(d) states:
 (d)(1) If the amount in the municipal judge retirement fund is greater than the actuarially determined amount of the liabilities to be transferred to the [District Judge Retirement Fund], that excess may be retained by the sponsoring government entity for the sole purpose of paying the retirement benefits of district judges.
 (2) If at any time in the future an obligation to fund the system no longer exists, then any excess shall be retained by the sponsoring government entity.
A.C.A. § 24-8-810(d) (Supp. 2003).
When construing statutes, a court will first look at the plain and ordinary language of the statute in question. Jones v. Double "D"Properties, 352 Ark. 39, 46, 98 S.W.3d 405 (2003). When statutes are unambiguous, a court will construe all laws on a similar subject as a single system and attempt to give effect to the entire system. ArkansasCounty v. Desha County, 342 Ark. 135, 141, 27 S.W.3d 379 (2000).
I note a minor inconsistency between the enacted language of Act 1374 of 2003 and the codified language of A.C.A. § 24-8-810(d)(1). The final line of (d)(1) as it was enacted reads ". . . for the sole purpose of payingfor the retirement benefits of district judges." Act 1374 of 2003, § 1 (emphasis added). The enacted language clearly contemplates that the excess retained by the sponsoring government entity will be used to pay for district judge retirement. Under either formulation, however, A.C.A. § 24-8-810(d)(1) is plain and unambiguous. The excess funds may only be used to pay for the retirement benefits of district court judges. The sponsoring government entity is required to make ongoing contributions to the District Judge Retirement System constituting a percentage of the salary paid to the district judge to fund the retirement benefits. A.C.A. § 24-8-809(a)(1) (Supp. 2003). While the sponsoring government entity does not itself pay benefits to district judges, it does at least partially for them through the employer contributions. It is my opinion that the excess funds retained by the government entity may be appropriately used for this purpose.
Question Two: Can a judge receive the amount remaining when he retires?
No. In my opinion, the amount in excess of what was required to be contributed to the Arkansas District Judge Retirement Fund may not be dispersed by local fiat but may only be used to pay the employer contributions in accordance with the provisions of A.C.A. § 24-8-809.
Pension and retirement systems are exclusively state affairs. See Op. Att'y Gen. 2004-312; see also A.C.A. § 14-43-601(a)(1)(F) (Repl. 1998);and A.C.A. § 14-14-805(1) (Repl. 1998). As such, state law occupies the entire field of regulation of this topic leaving no authority for a municipal corporation, either a city or a county, to regulate. Op. Att'y Gen. 2004-312; see also Stilley v. Henson, 342 Ark. 346, 354-55,28 S.W.3d 274 (2000). As discussed above, state law mandates that the excess held by a sponsoring government entity may only be used to pay for the retirement benefits of district judges. This limitation, "for the sole purpose of paying for the retirement benefits of District Court Judges," in its plain and unambiguous language refers to the retirement benefits of District Court Judges set forth in A.C.A. §§ 24-8-801 through -821. Furthermore, A.C.A. § 24-8-810(d)(2) contemplates that should any excess remain when there is no further obligation to fund the retirement system, by dissolution of judgeships and the death of all qualifying retirees for example, that the municipal corporation then retains that excess free of the obligations of (d)(1). A district judge may not receive the excess amount retained by the government entity except insofar as it is used to pay for the retirement benefits through employer contributions as set forth in A.C.A. § 24-8-809 and described in my response to Question One.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh