The Honorable Mike Kenney State Representative 1005 Raintree Lane Siloam Springs, Arkansas 72761-8268
Dear Representative Kenney:
I am writing in response to your request for an opinion on the following:
The City of Tonitown, Arkansas provides solid waste collection and disposal services to its citizens. The process for the collection of unpaid solid waste bills provided by Ark. Code Ann. § 8-6-211 is slow and costly. Thus, the City of Tonitown is exploring additional methods of collection of past due solid waste bills.
Some Tonitown citizens receive water from the City of Tonitown, and you have previously opined that the city may terminate water service to its customers with unpaid solid waste bills (i.e. Ark. Ag. Op 2000-003). Other Tonitown residents receive water from Washington Water Authority. Arkansas Code Annotated § 14-229-103 would compel Washington Water Authority to discontinue service to its customers who do not pay their municipal sewer bill (see Ark. Ag. Op. 2006-206).
By analogy, or otherwise, does Arkansas law allow Washington Water Authority to discontinue water service to those customers who do not pay their municipal solid waste bill? If so, could Washington Water Authority be compelled to discontinue water service until the solid waste bill is paid?
RESPONSE
In my opinion the answer is "no." There is no authority for either the Washington Water Authority to discontinue service based on an individual's failure to pay his or her municipal solid waste bill or for Tonitown to request or compel the Water Authority to discontinue service based on an individual's failure to pay his or her municipal solid waste bill.
It will be helpful to first set forth the provisions of A.C.A. §8-6-211 (Supp. 2007), referenced in your request, which authorizes one manner of collecting delinquent municipal solid waste fees. Based on your reference to this statute, I take it that Tonitown operates a municipal solid waste service pursuant to the "Arkansas Solid Waste Management Act." A.C.A. §§ 8-6-201 through -221 (Repl. 2000 Supp. 2007). The collection procedures under that statutory scheme authorize a municipality to collect fees and service charges by either periodic billing or by entering the fees and charges on the tax records of the county for annual collection. A.C.A. § 8-6-211(b)(2)(A). If the municipality uses a periodic billing system, fees delinquent for over ninety days may be added to the county tax records and collected with personal property taxes. Id. at (b)(2)(B). If the municipality applies the fees or charges to the tax records, or if a periodic fee is delinquent and placed on the tax records, the county collector cannot accept payment of any property taxes unless the solid waste fees are paid. Id. at (b)(3)(A). If the taxes go unpaid, the delinquent fees or charges for solid waste become a lien on the "real and personal property of the taxpayer which may be enforced against such property by an action in circuit court." Id. at (b)(3)(B).
With respect to whether the Washington Water Authority is "allowed" to discontinue water service for nonpayment of municipal solid waste charges, there is no provision in the Water Authority Act, A.C.A. §§4-35-101 through -306 (Supp. 2007), that allows a public water authority[1] to discontinue service based on a customer's delinquent municipal solid waste bill. The applicable rules, authorized by A.C.A. § 4-35-105(d) (Supp. 2007), are likewise silent with respect to any procedures for discontinuing service to a water user. Arkansas Natural Resource Commission Rules, §§ 17-1701.1 through -1707.2.[2] Generally, however, "it is the duty of a water company in its role as a public utility to supply water to all who apply for it and tender the usual rates." 78 Am. Jur. 2d Waterworks and Water Companies, § 20 (West, Westlaw through Feb. 2008 supplement). With respect to discontinuing service, "a public utility corporation cannot refuse the service which it is authorized to furnish, because of some collateral matter not related to that service." Maurice T. Brunner, Annotation, Right of Municipality to Refuse Services Provided by it to Resident for Failure of Resident to Pay for Other Unrelated Services, 60 A.L.R.3d 714 (1974) (citation omitted). While certain public utility services have been recognized as being sufficiently similar to allow a public utility to discontinue one service for failure to pay for another service, both services have consistently been provided by the same public utility. See id.; see also Ops. Att'y Gen. 87-365 and 2000-003.
The general rule that the Washington Water Authority may not discontinue service to a water user based on such a collateral matter applies here. As described above, a public water authority is a public entity performing a governmental function. While no Arkansas cases have expressly adopted the general rule described above, courts have repeatedly relied on the importance of protecting the health and welfare of citizens under the police powers. See, e.g., Phillips vs. Town of Oak Grove, 333 Ark. 183, 968 S.W.2d 600 (1998). In my opinion, a court would uphold the general and prevailing rule against discontinuing service of a public utility for a collateral manner. The exception authorizing a public utility to discontinue service for failure to pay for a related service does not apply in this instance because the Water Authority is not also providing the solid waste service. In my opinion, therefore, there is no legal basis for the Washington Water Authority to independently discontinue service to a water user solely because that user is delinquent on his or her municipal solid waste bill.
You have also cited Ops. Att'y Gen. 2006-206 and 2000-003 and asked whether, by analogy to those opinions, the Washington Water Authority may be compelled to discontinue water service to a water user who is delinquent on his or her municipal solid waste bill. The question of whether Tonitown may compel the Washington Water Authority to discontinue service to the delinquent customer when the Water Authority has no independent authority to discontinue service for a collateral matter will depend on the extent of Tonitown's authority. A municipality has only so much power as expressly granted by the legislature or the Arkansas Constitution, as is necessarily incident to the execution of those granted powers, or as is indispensable, and not merely convenient, to carry out the enumerated powers. Stilley v. Henson, 342 Ark. 346,354-55, 28 S.W.3d 274 (2000) (citing Cosgrove v. City of West Memphis,327 Ark. 324, 938 S.W.2d 827 (1997)); see also Op. Att'y Gen. 2004-312. Tonitown has clearly been expressly granted the authority and duty to provide a suitable solid waste management system. A.C.A. § 8-6-211(a). Whether Tonitown may compel the Washington Water Authority to discontinue service to delinquent municipal solid waste customers will depend on whether this power is expressly granted to Tonitown, is necessarily incident to the management of a solid waste system, or is indispensible and not merely convenient to carry out the management of the solid waste system.
A direct and express grant of authority will allow a municipality to have a separate public utility discontinue service for a separate utility because of an individual's failure to pay the municipality for the municipal service. This was the conclusion of Op. Att'y Gen.2006-206, in which my immediate predecessor noted that the express language of A.C.A. § 14-229-103 (Repl. 1998) authorized a municipal sewer system to require a rural water provider to discontinue sewer service to a delinquent municipal customer. The statutory provision clearly authorized that action as follows:
(a) Any municipality owning or operating a public sewer system or sewer improvement district providing sewer service to its citizens may request a water association or water improvement district providing the water service to terminate the water service to any resident who is delinquent at least thirty (30) days in making payment to the municipality for sewer service.
(b) The water association or water improvement district shall send notice to any person who is delinquent in making payments for sewer service of the date the water service will be terminated and shall terminate the water service upon that date unless the balance due the municipality for sewer service has been paid.
(c) The water association or water improvement district shall terminate the water service upon certification by the municipality that the person is more than thirty (30) days delinquent in making payments for sewer service and has been sent notice of the termination of the water service by the municipality.
Id. (emphasis added).
My research has not revealed any analogous statutory language with respect to delinquent municipal solid waste collection and disposal bills and "Water Authorities." Absent such a grant of authority, Tonitown is not expressly authorized to compel the Water Authority to discontinue water service to an individual because of the individual's delinquent solid waste bill to Tonitown.
A question remains as to whether municipal authority to compel the Washington Water Authority to discontinue service is necessarily implied in the specific grant of authority to provide a solid waste management system. Generally, a municipality may not cut off service to a resident for failure to pay for another unrelated service. See Op. Att'y Gen.87-365 (citing Brunner, supra). If, however, the two services are related, a municipality may cut off one service to enforce collection on the delinquent bill of the other service. Id. One of my predecessors opined that the city of Diamond City would likely be allowed to shut off water service for a failure to pay the sanitation charge for trash pick-up because the two services were closely related and both offered by the municipality. Id. (citing Breckenridge v. Cozart, 478 S.W.2d 162
(Tex. 1972); and Cassidy v. Bowling Green, 368 S.W.2d 318 (Ky. 1963)). My predecessor endorsed the reasonableness of a municipality discontinuing one service because of the interrelationship of these services and the police powers of the municipality.
Similarly, in Op. Att'y Gen. 2000-003, another of my predecessors addressed the question of whether the City of Black Rock could discontinue municipal water and sewer service for failure to pay a solid waste fee to the city. Referencing Op. Att'y Gen. 87-365, my predecessor opined that the city could charge for both services on a single bill and also could discontinue one service if the other was not paid. Op. Att'y Gen. 2000-003 at 5-6. The close relationship between the services, predicated on the health and safety concerns similar to those expressed in Op. Att'y Gen. 87-365, supported the municipal exercise of this power even absent specific statutory authority. Op. Att'y Gen. 2000-003 at 5-6. There is no similar implied authority, however, or close relation between the utilities in the facts described in your request. Tonitown does not control both utilities in the situation described in your request, unlike the situations in the opinions discussed above.
In absence of express or implied authority, a municipality may still exercise authority that is indispensible, and not merely convenient, to the powers that have been specifically granted. In my opinion, however, the authority to cut off separately provided water service to enforce collection of municipal solid waste fees is not indispensible to the execution of solid waste service. As you note in your request, there is an existing statutory procedure for a municipality operating a solid waste management system to recover delinquent fees. While it might be convenient for Tonitown to collect unpaid municipal solid waste bills by compelling the Washington Water Authority to discontinue service to the delinquent customers, the procedure in A.C.A. § 8-6-211 leads me to conclude that such action is unauthorized.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] A public water authority organized under the Water Authority Act is "a public body politic and governmental entity," A.C.A. § 4-35-101
(Supp. 2007), that exercises "essential governmental functions," A.C.A. § 4-35-104(b) (Supp. 2007).
[2] Public water authorities are specifically exempted from the jurisdiction of the Arkansas Public Service Commission. A.C.A. §4-35-109 (Supp. 2007). Consequently, the more comprehensive rules regarding suspension or termination of water service that specifically prohibit a utility from terminating service because of a customer's non-payment of a different utility bill are not applicable to this question. Arkansas Public Service Commission General Service Rule 6.02(B). *Page 1