Cedric Lamar HARRIS *v.* STATE of Arkansas

CR 96-782                                    935 S.W.2d 568

Supreme Court of Arkansas
Opinion delivered January 13, 1997

[Petition for rehearing denied February 24, 1997.]

*Morehead & Morehead,* by: *Robert F. Morehead,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kelly K. Hill,* Deputy Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Cedric Lamar Harris appeals from his convictions for capital murder and attempted murder for which he received the respective sentences of life without parole and thirty years' imprisonment. He raises two points for reversal, one, that the trial court wrongly rejected his motion to dismiss on speedy-trial grounds, and, two, the trial court erred in denying his motion for directed verdict. The State, however, suggests that Harris's appeal was filed untimely, and we agree. Therefore, we dismiss the appeal.

On October 5, 1995, the Ashley County Circuit Court entered its conviction judgment against Harris, and Harris filed a motion for new trial on October 16, 1995, asserting juror misconduct. On December 6, 1995, fifty-one days after the filing of

Harris's motion, the trial court entered its order denying the motion. Harris later filed his notice of appeal on January 2, 1996.

In a per curiam opinion delivered on January 21, 1994, this court amended its rules of criminal procedure to clarify that, if a posttrial motion in the nature of a motion for a new trial or amendment of judgment is not resolved by the trial court within thirty days from the date of its filing, it is deemed denied under Rule 4(c) of the Appellate Rules of Procedure. *See In Re: Amendment to Rule 36.9 of the Arkansas Rules of Criminal Procedure Regarding Time and Method of Taking Criminal Appeal*, 315 Ark. 770 (1994); *see also Giacona v. State*, 311 Ark. 664, 846 S.W.2d 185 (1993). The court subsequently readopted this rule and made it a part of Rule 2 of the Appellate Procedure—Criminal Rules, which superseded former A.R.Cr.P. Rule 36.9. *But see Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996) (court held "deemed denied" provision does not apply to Rule 37 petitions); *see also Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996).[1]

In the present case, Harris's new trial motion was filed on October 16, 1995, and under Rule 2, the motion was deemed denied thirty days later, on November 15, 1995. Accordingly, Harris had thirty days within which to file his appeal which date ended on December 15, 1995. Instead, he waited until January 2, 1996, to file his notice of appeal. Although the trial court belatedly denied Harris's new trial motion on December 5th, it had no jurisdiction to do so. *See Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995); *Mangiapane v. State*, 43 Ark. App. 19, 858 S.W.2d 128 (1993).

In conclusion, we mention the State's suggestion that Harris could correct his failure to file a timely appeal by seeking permission to file a belated appeal. While a belated appeal is certainly

---

[1] We note that Harris argues on appeal that, if this court determined he had failed to preserve his speedy-trial argument below, his failure should be found to constitute ineffective assistance of counsel, and, as a consequence, this court should consider the argument under Rule 37. We have repeatedly held ineffective assistance of counsel may not be raised as a point of direct appeal, unless the issue has been considered by the trial court. *Witherspoon v. State*, 319 Ark. 313, 891 S.W.2d 375 (1995); *Missildine v. State*, 314 Ark. 500, 863 S.W.2d 813 (1993).

permissible under Rule 2(e) of the court's appellate procedure for criminal cases, we point out that, to date, no such application and affidavit required under Rule 2(e) have been made by Harris, and this case has now been submitted to this court for decision. *Pannell v. State*, 320 Ark. 658, 897 S.W.2d 552 (1995).

Accordingly, we must dismiss Harris's appeal.