Cedric Lamar HARRIS *v.* STATE of Arkansas

CR 96-782                                                        993 S.W.2d 480

Supreme Court of Arkansas
Opinion delivered July 1, 1999

*Althea E. Hadden,* for appellant.

No response.

P ER CURIAM. Appellant Cedric Lamar Harris was con-
victed of capital murder and attempted murder and was
sentenced to life imprisonment without parole and thirty years'
imprisonment, respectively. Through his attorney, Althea E.
Hadden, Appellant has filed a motion for belated appeal. We deny
the motion, as it was not timely filed.

This court previously dismissed Appellant's case because the
notice of appeal was not timely filed pursuant to Rule 2(a)(3) of
the Arkansas Rules of Appellate Procedure—Criminal. *See Harris
v. State,* 327 Ark. 14, 935 S.W.2d 568 (1997). This court held:

> Harris's new trial motion was filed on October 16, 1995, and
> under Rule 2, the motion was deemed denied thirty days later,
> on November 15, 1995. Accordingly, Harris had thirty days
> within which to file his appeal which date ended on December
> 15, 1995. Instead, he waited until January 2, 1996, to file his
> notice of appeal. Although the trial court belatedly denied Har-
> ris's new trial motion on December 5th, it had no jurisdiction to
> do so.
>
> In conclusion, we mention the State's suggestion that Harris
> could correct his failure to file a timely appeal by seeking permis-
> sion to file a belated appeal. While a belated appeal is certainly
> permissible under Rule 2(e) of the court's appellate procedure for

criminal cases, we point out that, to date, no such application and affidavit required under Rule 2(e) have been made by Harris, and this case has now been submitted to this court for decision.

*Id.* at 15-16, 935 S.W.2d at 569 (citations omitted). At the time our opinion was rendered, Appellant was represented by Robert F. Morehead. Despite this court's strong suggestion as to how to proceed, no motion for belated appeal was filed by Mr. Morehead. Indeed, no such motion was filed by anyone until May 18, 1999, over two years after this court issued its mandate.

Rule 2(e) of the Arkansas Rules of Appellate Procedure—Criminal provides in pertinent part:

> The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when good reason for the omission is shown by affidavit. *However, no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief from which the appeal is taken.* [Emphasis added.]

In the present case, the trial court was deemed to have denied Appellant's posttrial motion for new trial on November 15, 1995. Thus, to be timely, Appellant would have had to file a motion for belated appeal by May 15, 1997. This motion was not filed until May 18, 1999, some two years after the time for filing such motion had expired. Thus, the motion is denied.

It is not apparent from the motion or Appellant's affidavit why Mr. Morehead did not file a motion for belated appeal within the time provided. Accordingly, a copy of this *per curiam* opinion will be forwarded to the Committee on Professional Conduct for consideration of Mr. Morehead's actions or inactions. *See In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (*per curiam*).