STATE of Arkansas *v.* Carl Franklin MARKHAM

CR 04-664 194 S.W.3d 765

Supreme Court of Arkansas
Opinion delivered October 7, 2004

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellant.

DONALD L. CORBIN, Justice. This case involves a challenge to the circuit court's jurisdiction to enter a ruling on a posttrial motion in a criminal case, where the motion has been deemed denied under our rules. Appellee Carl Franklin Markham was convicted of driving while intoxicated, fifth offense, following a bench trial in the Pulaski County Circuit Court. He was sentenced by the court to one year imprisonment. He timely filed a posttrial motion for reconsideration. The trial court waited several months before eventually granting Markham's motion and entering an order acquit-

ting him of the DWI charge. The State appeals the order of acquittal on the ground that the trial court lacked jurisdiction to grant the motion because it had already been deemed denied under Ark. R. Crim. P. 33.3(c). Markham has not filed a brief in response. We agree with the State that the trial court was without jurisdiction to rule on the posttrial motion once it had been deemed denied.

Before we turn to the merits of this case, we must determine whether this matter is properly before us. The issue raised by the State is one of law: Whether the trial court loses jurisdiction to act on a posttrial motion after it has been deemed denied under Rule 33.3(c). The State contends that this is an issue of legal significance involving the correct and uniform administration of the criminal law. It thus asserts that the appeal is proper under Ark. R. App. P.– Crim. 3(c).

Under Rule 3, the right of appeal by the State is limited. This court has consistently held that there is a significant difference between appeals brought by criminal defendants and those brought on behalf of the State. *State v. Williams*, 348 Ark. 585, 75 S.W.3d 684 (2002); *State v. Pruitt*, 347 Ark. 355, 64 S.W.3d 255 (2002). The former is a matter of right, whereas the latter is neither a matter of right, nor derived from the Constitution, but rather is only granted pursuant to the confines of Rule 3. *Id.* We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. *State v. Warren*, 345 Ark. 508, 49 S.W.3d 103 (2001); *State v. Thompson*, 343 Ark. 135, 34 S.W.3d 33 (2000); *State v. Stephenson*, 330 Ark. 594, 955 S.W.2d 518 (1997). As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *Id.* at 595, 955 S.W.2d at 519 (quoting *State v. Banks*, 322 Ark. 344, 345, 909 S.W.2d 634, 635 (1995)). We do not permit State appeals merely to demonstrate the fact that the trial court erred. *Id.*

Thus, where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *Id.* Similarly, where the resolution of the issue on appeal turns on the facts unique to the case or involves a mixed question of law and fact, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appealable by the State. *Williams*, 348 Ark. 585, 75 S.W.3d 684; *State v. Guthrie*, 341 Ark. 624, 19 S.W.3d 10 (2000). Finally, where an appeal raises an issue of the

application, not interpretation, of a criminal rule or statutory provision, it does not involve the correct and uniform administration of the criminal law and is not appealable by the State under Rule 3. *Id.*

 There is an alternative to an appeal under Rule 3, when, as in the present case, the State contends that the trial court acted without jurisdiction. In such a situation, this court may treat the State's appeal as a petition for a writ of certiorari, as was done in *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001). There, the issue was whether the circuit court's judgment of acquittal was void because the defendant had not timely appealed from her conviction in municipal court. This court concluded that the issue was not proper under Rule 3(c), because it did not involve the correct and uniform administration of the criminal law. Notwithstanding, this court granted relief to the State via a writ of certiorari on the ground that the circuit court was wholly without jurisdiction to hear the appeal from municipal court. In so holding, this court relied on the following law:

> A writ of certiorari lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. These principles apply when a petitioner claims that the lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. The court will grant a writ of certiorari only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. It is not to be used to look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of facts, or to reverse a trial court's discretionary authority. This court has the discretion to treat an appeal from an order, judgment, or decree which lacks judicial support as if it were brought up on certiorari. A writ of certiorari can address actions already taken by the lower court.

*Id.* at 693, 38 S.W.3d at 325 (citations omitted). With these legal principles in mind, we turn to the issue in this case.

Rule 33.3(c) provides:

> Upon the filing of a posttrial motion or application for relief in the trial court, the time to file a notice of appeal shall not expire until thirty (30) days after the disposition of all motions or applications. *If*

*the trial court neither grants nor denies a posttrial motion or application for relief within thirty (30) days after the date the motion or application is filed, the motion or application shall be deemed denied as of the 30th day.* [Emphasis added.]

The State asserts that this provision is jurisdictional and that the trial court loses the authority to act on a posttrial motion once it has been deemed denied. We agree.

This court has previously addressed the jurisdictional nature of the "deemed denied" rule. In *Harris v. State*, 327 Ark. 14, 935 S.W.2d 568 (1997), the issue was whether the appellant's notice of appeal, which was filed within thirty days of the date on which the trial court denied a posttrial motion, was nonetheless untimely because it was filed beyond thirty days from the date that the motion was deemed denied. This court held that the notice of appeal was not timely, explaining:

> Harris's new trial motion was filed on October 16, 1995, and under Rule 2, the motion was deemed denied thirty days later, on November 15, 1995. Accordingly, Harris had thirty days within which to file his appeal which date ended on December 15, 1995. Instead, he waited until January 2, 1996, to file his notice of appeal. *Although the trial court belatedly denied Harris's new trial motion on December 5th, it had no jurisdiction to do so. See Rossi v. Rossi,* 319 Ark. 373, 892 S.W.2d 246 (1995); *Mangiapane v. State,* 43 Ark. App. 19, 858 S.W.2d 128 (1993).

*Id.* at 15, 935 S.W.2d at 569 (emphasis added).

Similarly, in *Rains v. State*, 329 Ark. 607, 953 S.W.2d 48 (1997), this court again held that an appellant's notice of appeal was not timely because it had not been filed within thirty days of the date that a posttrial motion was deemed denied. Relying on *Harris*, this court held:

> In the present case, Appellant's motion for new trial was deemed denied as of November 3, 1996. Accordingly, Appellant had thirty days within which to file a notice of appeal from that denial, which expired on December 3, 1996. It is of no benefit to Appellant that the trial court belatedly denied the motion for new trial on February 24, 1997, *as the trial court lacked jurisdiction to so rule.* Therefore, because Appellant did not file his notice of appeal of the order denying the motion for new trial until February 26, 1997, we dismiss this part of the appeal.

*Id.* at 617-18, 953 S.W.2d at 54 (citation omitted) (emphasis added).

More recently, in *Davis v. State*, 350 Ark. 22, 86 S.W.3d 872 (2002), this court had another occasion to discuss the "deemed denied" rule. There, the appellant argued that the trial court erred in refusing to hear his posttrial motions. The motions were filed on November 21, 2000, and a hearing was set for December 4. Pursuant to an agreement of the parties, however, the hearing was reset for January 17, 2001. At that hearing, the trial court determined that it lacked jurisdiction to rule on the posttrial motions because they had already been deemed denied under Rule 33.3(c) as of the thirtieth day, which would have been December 21, 2000. This court agreed with the trial court, holding: "The posttrial motions were deemed denied on the 30th day. Therefore, there was nothing to be heard on the motions on January 17, 2001." *Id.* at 41, 86 S.W.3d at 884.

In the present case, the record reflects that Markham was convicted on November 21, 2003. On December 16, he filed a posttrial motion for reconsideration under Rule 33.3. On December 18, Markham was sentenced by the court. The judgment and commitment order was entered one week later, on December 26. Because the posttrial motion was filed prior to the entry of the judgment, his posttrial motion did not become effective until the date the judgment was filed, December 26. *See* Ark. R. Crim. P. 33.3(b). Shortly thereafter, on January 6, 2004, Markham reported to the circuit court to begin serving his prison sentence. Some three months later, on April 6, the trial court granted the posttrial motion for reconsideration and entered an order of acquittal.

■ Under Rule 33.3(c), Markham's posttrial motion for reconsideration was deemed denied on January 26, 2004,[1] and the trial court lost jurisdiction to rule on the merits of the motion after that date. Accordingly, the ruling made on April 6, which resulted in the entry of an order of acquittal, was of no legal effect. We therefore grant a writ of certiorari and hold that the judgment of conviction entered on December 26, 2003, remains valid and enforceable.

Writ of certiorari granted.

---

[1] January 25, 2004, was the thirtieth day; however, because it fell on a Sunday, the motion would not have been deemed denied until Monday, January 26.