Mark Duane WRIGHT *v.* STATE of Arkansas

CR 04-715                                        198 S.W.3d 537

Supreme Court of Arkansas
Opinion delivered November 18, 2004

*Joel W. Price*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Chief Justice. Mark Duane Wright appeals the judgment and conviction of the Franklin County Circuit Court, sentencing him to a term of six years in the Arkansas Department of Correction and a fine of $7,500 for sexual indecency with a child, a Class D felony. This appeal presents an issue of first impression regarding the applicability of the deemed denied provision of Ark. R. Crim. P. 33.3, when the trial court delays hearing the posttrial motion and enters an order specifically extending the time for the defendant to file his notice of appeal. As such, we have jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(b)(1). Wright asserts that he should have been granted a new trial because of ineffective assistance of counsel, alleging his counsel: (1) vouched for the credibility of the victim over that of Wright; and (2) failed to introduce crucial evidence on the question of whether Wright acted out of a desire for sexual gratification, an element of the crime charged. Because the trial

court was without jurisdiction to rule on the posttrial motion once it had been deemed denied, we need not reach the merits of the case *sub judice*, and we dismiss the appeal.

*Facts*

On August 4, 2002, appellant Mark Wright, a close family friend of the victim, ten-year-old D.S., was giving her driving lessons following a Sunday afternoon get-together. While she was driving Wright's car around a parking lot and between adjacent driveways, Wright began touching D.S. on and near her vagina. D.S. testified that she slapped his hand away each time he tried to touch her. Later, after D.S. brought the car to a stop, Wright kissed her between her navel and the top of her bikini bottoms. When she resumed driving, Wright twice pulled the leg of his shorts aside and showed D.S. his penis. In addition, he told her how pretty and sexy she was, and that he would teach her anything that she needed to know about sex. Approximately a week later, D.S. told her parents about the incident, and they, in turn, informed the authorities.

Wright was charged with second-degree sexual assault, a Class B felony, and two counts of sexual indecency with a child, a Class D felony. On November 20, 2003, a Franklin County jury convicted Wright of one count of sexual indecency with a child, but it failed to convict him on the other two charges. Wright was sentenced to six years' imprisonment in the Arkansas Department of Correction and fined $7,500.

The judgment was entered on December 5, 2003. Wright filed a motion for new trial on December 26, 2003, alleging that his rights to a fair trial, due process, and effective assistance of counsel were violated. On January 8, 2004, Wright filed a notice of appeal from the December 5, 2003 judgment entered against him. On January 9, 2004, the trial court entered an order purporting to extend the time for the hearing on the motion for a new trial because the court reporter could not prepare a transcript within ten days. The trial court ordered that the matter be set for hearing on all posttrial matters as soon as practicable after the court reporter prepared the transcript. Finally, the order stated that Wright's time to file a notice of appeal shall not expire until thirty days after the disposition of all motions or applications. The State contends that because the trial court did not act on the motion for a new trial, it was deemed denied on January 26, 2004 per Ark. R. Crim. P. 33.3(c) and Ark. R. App. P.—Crim. 2(b)(2) (2004). Accordingly,

his January 8, 2004 notice of appeal was deemed filed on January 27, 2004 per Ark. R. App. P.—Crim. 2(b)(2) (2004). On February 26, 2004, thirty-one days after the motion had been deemed denied, Wright filed a second notice of appeal from the December 5, 2003 judgment. In addition, he did not give notice of appeal from the motion for new trial that the State claims was deemed denied on January 26, 2004. On March 5, 2004, the trial court held a hearing on Wright's motion for a new trial, and on March 9, 2004, the trial court entered an order denying said motion. On March 26, 2004, Wright filed a third notice of appeal from both the December 5, 2004 judgment and the March 9, 2004 order denying his motion for a new trial. This appeal follows.

### Standard of Review

We construe court rules using the same means, including canons of construction, as are used to construe statutes. *Barnett v. Howard*, 353 Ark. 756, 120 S.W.3d 564 (2003). It is well settled that the appellate court reviews issues of statutory construction *de novo*, as it is for the appellate court to decide what a statute means. *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001). In this regard, we are not bound by the trial court's decision. *Id.* However, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.*

### Ineffective Assistance of Counsel

For his sole point on appeal, Wright argues that he deserves a new trial due to ineffective assistance of counsel. Specifically, he contends that his trial counsel allegedly: (1) vouched for the victim's credibility over that of Wright; and, (2) he failed to introduce crucial evidence on the question of whether Wright acted out of a desire for sexual gratification, which is an element of the crime of sexual indecency with a child. However, neither of these arguments can be reached by this court, because Wright did not timely file his notice of appeal from the deemed denied motion for a new trial.

Rule 33.3(a) of our rules of criminal procedure provides that:

(a) A person convicted of either a felony or misdemeanor may file a motion for new trial or any other application for relief. Such pleadings shall include a statement that the movant believes the

> action to be meritorious and is not offered for the purpose of delay. A copy of any such motion shall be served on the representative of the prosecuting party. The trial court shall designate a date certain, if a hearing is requested or found to be necessary, to take evidence, hear, and determine all of the matters presented. *The hearing shall be held within ten (10) days of the filing of any motion or application unless circumstances justify that the hearing or determination be delayed.*

Ark. R. Crim. P. 33.3(a) (2004)(emphasis added). While the trial court's conclusion that the inability to get a transcript within ten days constitutes circumstances that justify that the hearing or determination be delayed was not error, the State contends that after 30 days the trial court lost jurisdiction to hear the case under Rule 33.3(c), which provides:

> Upon the filing of a posttrial motion or application for relief in the trial court, the time to file a notice of appeal shall not expire until thirty (30) days after the disposition of all motions or applications. If the trial court neither grants nor denies a posttrial motion or application for relief within thirty (30) days after the date the motion or application is filed, the motion or application shall be deemed denied as of the 30th day.

Ark. R. Crim. P. 33.3(c) (2004). Wright argues that there is an apparent conflict between the "unless circumstances justify a delay" language of Rule 33.3(a) and the "shall be denied" language of Rule 33.3(c). We disagree. In the case at bar, the trial court was perfectly within its right to hold a hearing on the motion for a new trial after ten days if such circumstances justified a delay. However, the trial court was required to hold a hearing and make a determination within 30 days, or lose jurisdiction. While the time period enumerated in Rule 33.3(a) is discretionary, the time restrictions of Rule 33.3(c) are mandatory. *See, e.g., Davis v. State*, 350 Ark. 22, 86 S.W.3d 872 (2002) (posttrial motions deemed denied on the 30th day after filing, and the trial court lost jurisdiction to have hearing on motions after that time even though the hearing date had been continued by agreement of the parties to allow time for testing and expert examination of document). Recently, this court expressly held that the trial court loses the authority to act on a posttrial motion once it has been deemed denied. *State v. Markham*, 359 Ark. 126, 194 S.W.3d 765 (2004). Unlike subsection (a), which has an exception to the ten-day deadline, subsection (c) does not provide for any exception to the

thirty-day deadline. Accordingly, we hold that there is no conflict between section (a) and section (c) of Rule 33.3 of our rules of criminal procedure, and the trial court lost jurisdiction after 30 days.

██ ██ Consequently, because the motion was deemed denied on January 26, 2004, Wright failed to file a timely notice of appeal. Ark. R. App. P.—Crim. 2(b)(2)(2004) provides:

> A notice of appeal filed before disposition of any post-trial motions shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with subsection (a) of this rule. No additional fees will be required for filing an amended notice of appeal.

Because the motion was deemed denied on January 26, 2004, the January 8, 2004 notice of appeal was deemed to have been filed the next day, January 27, 2004.

We have recently held that a notice of appeal must designate the judgment or order appealed from, and be filed within thirty days of that order. *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). *See also, Ruffin v. State*, 64 Ark. App. 98, 983 S.W.2d 146 (1998) (a notice of appeal must designate the judgment or order appealed from, and an order not mentioned in the notice of appeal is not properly before an appellate court). In addition, this court has held that if an appellant wishes to appeal an adverse ruling on a posttrial motion and the appellant has previously filed a notice of appeal of the judgment, the appellant must file a notice of appeal regarding the ruling on the motion within the time provided in Ark. R. App. P—Crim. 2. *See, e.g., Smith v. State*, 329 Ark. 238, 947 S.W.2d 373 (1997). Thus, if Wright wanted to appeal the denial of his motion for new trial, he had 30 days in which to amend his notice of appeal to include the denial of his motion for a new trial. However, Wright did not file his second notice of appeal until February 26, 2004, 31 days later. We have held that the timely filing of a notice of appeal is, and always has been, jurisdictional. *LaRue v. LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980). Moreover, the second notice of appeal was not amended to include the denial of a motion for new trial. Wright's failure to

timely file an amended notice of appeal regarding the denial of the motion for a new trial, as required by Ark. R. App. P—Crim. 2(b)(2)(2004), means that he has appealed only from the judgement of December 5, 2003. Accordingly, Wright's appeal of the denial of his motion for a new trial due to ineffective assistance of counsel is not properly before this court. As such, we cannot reach the merits of Wright's claim, and we dismiss the appeal.

Appeal Dismissed.