STATE of Arkansas *v.*
James William "Butch" BOYETTE

CR 04-868                                                    207 S.W.3d 488

Supreme Court of Arkansas
Opinion delivered April 21, 2005

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellant.

*Montgomery, Adams & Wyatt, PLC*, by: *Dale E. Adams*, for appellee.

Tom Glaze, Justice. The State has appealed the order of the trial court granting appellee's motion to correct court costs. We treat the case as a petition for writ of certiorari for the reasons discussed below, and grant the writ.

The appellee, James W. "Butch" Boyette, was charged with terroristic threatening and battery in the third degree, both Class A misdemeanors. The Sherwood District Court found him guilty and imposed a fine and costs. Boyette appealed to Pulaski County Circuit Court, and initially entered not-guilty pleas to both charges. A jury trial was set for September 3, 2003, and the State issued subpoenas to be served on its witnesses. On August 28, 2003, Boyette requested and received a continuance of his jury trial date. His trial was rescheduled for December 10, 2003. On September 4, 2003, the State reissued its subpoenas. On December 9, 2003, Boyette entered a plea of guilty to both charges; the judgment and commitment order reflecting his plea was entered on January 12, 2004. At that time, the circuit court sentenced Boyette to one year's probation and imposed a fine of $100.00 plus court costs.

On February 17, 2004, Boyette filed a "motion to correct court costs." In his motion, Boyette acknowledged that he had been sentenced to a $100.00 fine plus court costs, but he alleged that, when he received the total court costs from the Court Clerk, the costs totaled $467.00, which Boyette contended exceeded the $150.00 amount authorized by statute. *See* Ark. Code Ann. § 16-10-305 (Supp. 2003). Boyette moved that the court costs be reduced to the statutory maximum.

After a hearing, the trial court agreed with Boyette, entering an order in which it found that, under § 16-10-305, the maximum costs that could be levied and collected from a defendant upon conviction or plea of guilty in a misdemeanor case was $150.00. From that order, the State brought this appeal, arguing that the trial court lacked jurisdiction to rule on Boyette's motion because

it was untimely. Alternatively, the State argues that the trial court erred in finding that subpoena fees are not authorized as costs by § 16-10-305.

■ Before we address the merits of this case, we must determine whether the State has properly brought its appeal pursuant to Ark. R. App. P. – Crim. 3 (2004). As this court has frequently observed, there is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. The former is a matter of right, whereas the latter is not derived from the Constitution, nor is it a matter of right, but is granted pursuant to Rule 3. *State v. Pruitt*, 347 Ark. 355, 64 S.W.3d 255 (2002); *State v. McCormack*, 343 Ark. 285, 34 S.W.3d 735 (2000); *State v. Guthrie*, 341 Ark. 624, 19 S.W.3d 10 (2000).

■ When this court addresses an appeal by the State, we first determine whether the correct and uniform administration of the criminal law requires our review. *See* Rule 3(c); *State v. Markham*, 359 Ark. 126, 194 S.W.3d 765 (2004); *State v. Johnson*, 317 Ark. 226, 876 S.W.2d 577 (1994). As a matter of practice, this court has only taken appeals which are narrow in scope and involve the interpretation of the law. *State v. Pittman*, 360 Ark. 273, 200 S.W.3d 893 (2005); *State v. Warren*, 345 Ark. 508, 49 S.W.3d 103 (2001). Thus, this court must determine whether the issue subject to appeal is one involving the *interpretation* of a rule or statute, as opposed to one involving the *application* of a rule or statute. *Pruitt, supra; Guthrie, supra.*

The State urges that this appeal involves the circuit court's erroneous interpretation of § 16-10-305, and contends that this court's consideration of the appeal is necessary in order to prevent courts in other jurisdictions from developing different interpretations of the statute. Boyette, on the other hand, argues that this appeal does not concern the uniform administration of the criminal law. He asserts that, although the appeal concerns the proper amount of court costs to be applied to a misdemeanor conviction, it nonetheless also involves an interpretation of statutes governing the serving of subpoenas in all cases, including civil cases.

■ As previously noted above, the State has an alternative to an appeal under Rule 3 when, as in the present case, it contends that the trial court acted without jurisdiction. In such a situation, this court may treat the State's appeal as a petition for a writ of

certiorari, as was done in *State v. Markham*, 359 Ark. 126, 194 S.W.3d 765 (2004). In *Markham*, the State appealed from a trial court's untimely action on a deemed-denied posttrial motion. In that case, this court held that, although the State's appeal was framed as a question of law — the jurisdiction of a trial court to act on a deemed-denied motion — it was actually a question of fact, in that the resolution of the issue involved an examination of the dates on which certain events occurred. However, because of the jurisdictional questions raised by the State's appeal, this court concluded that it had the discretion to treat the State's appeal as a petition for writ of certiorari, which is appropriate when a petitioner claims that the lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. *Markham*, 359 Ark. at 128 (citing *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001)). Therefore, having determined that the trial court lacked jurisdiction to take action on the defendant's posttrial motion after that motion had already been deemed denied, this court treated the State's appeal as a petition for writ of certiorari, and granted it. We do the same in this case.

For its first argument, the State submits that Boyette's motion to correct court costs was untimely filed, and as a result, the trial court lacked jurisdiction to entertain the motion. Boyette rejoins, asserting that the State failed to raise this argument below, and that this court should therefore refuse to consider it on appeal. However, as this court has frequently held, when the issue is whether the trial court acted in excess of its authority, it becomes a question of subject-matter jurisdiction. *See Gavin v. State*, 354 Ark. 425, 125 S.W.3d 189 (2003); *Moseley v. State*, 349 Ark. 589, 80 S.W.3d 325 (2002); *Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2001); *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993). This court has consistently held that a trial court's loss of jurisdiction over a defendant "is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court." *See Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985); *see also State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001) (because jurisdiction is the power or authority of a court to hear a case on its merits, lack of subject-matter jurisdiction is a defense that may be raised at any time by either party, even for the first time on appeal). Subject-matter jurisdiction also may be raised

before this court on its own motion. *See Simpson v. State*, 310 Ark. 493, 837 S.W.2d 475 (1992); *Howard v. State*, 289 Ark. 587, 715 S.W.2d 440 (1986).

Returning to the State's argument, it claims that the trial court lacked jurisdiction to consider Boyette's motion to correct court costs, because the motion was untimely, and, in addition, the trial court lost jurisdiction to rule on the motion because the motion was deemed denied thirty days after it was filed. As mentioned above, Boyette entered his guilty plea on December 22, 2003; the judgment and disposition order was entered on January 12, 2004. Under Ark. R. Crim. P. 33.3(b) (2004), "[a]ll posttrial motions or applications for relief must be filed within thirty days after the date of entry of judgment." This made Boyette's posttrial motion to correct costs due on February 11, 2004. However, Boyette did not file his motion until February 17, 2004, six days late.

In addition, although the circuit court held a hearing on Boyette's motion on March 12, 2004, and asked the parties to brief the issue at that time,[1] the court did not issue a ruling on Boyette's motion until May 18, 2004, when it entered its order granting Boyette's motion. It is true that Ark. R. Crim. P. 33.3(a) gives a trial court the discretion to hold a hearing more than ten days after a posttrial motion is filed. *See Wright v. State*, 359 Ark. 418, 198 S.W.3d 537 (2004). However, Rule 33.3(c) is mandatory, and provides that posttrial motions "*shall be deemed denied as of the 30th day*" after the filing of the posttrial motion. Rule 33.3(c) (emphasis added); *see also Wright, supra; Davis v. State*, 350 Ark. 22, 86 S.W.3d 872 (2002). This court explicitly held in *Wright, supra*, that, "[w]hile the time period enumerated in Rule 33.3(a) is discretionary, the time restrictions of Rule 33.3(c) are mandatory." *Wright*, 359 Ark. at 422. Stated another way, subsection (c) does not provide for any exception to the thirty-day deadline; therefore, a trial court is required to make a determination on a posttrial motion within thirty days, or lose jurisdiction. *Id.; see also State v. Markham, supra* (citing *Harris v. State*, 327 Ark. 14, 935 S.W.2d 568 (1997)).

---

[1] The trial court held two further hearings on Boyette's motion: one on April 16, 2004, and another on May 3, 2004. However, as is discussed herein, it was clearly without jurisdiction to so.

In *Harris, supra,* this court held that Harris's notice of appeal was untimely, even though it had been filed within thirty days of the trial court's order denying Harris's motion for new trial, because the new trial motion was deemed denied thirty days after it was filed, and the trial court lacked jurisdiction to deny it after that time.

Likewise, in *Davis v. State,* 350 Ark. 2, 86 S.W.3d 872 (2002), this court rejected arguments that the trial court refused to hear a posttrial motion for judgment notwithstanding the verdict, which Davis had filed on November 21, 2000. The motion was set for a hearing on December 4, 2000, but the parties agreed to postpone the hearing in order to accommodate certain testing and expert examination of a piece of evidence that formed the basis for the motion. The hearing was rescheduled for January 17, 2001. However, at the hearing on that date, the trial court ruled that it lacked jurisdiction to hear the posttrial motion because more than thirty days had passed since its filing, which meant that it had been deemed denied under Rule 33.3(c). This court agreed, holding that the motions were deemed denied on the thirtieth day, December 20, 2000, leaving nothing to be heard on the motions on January 17, 2001. *Davis,* 350 Ark. at 884.

█ In the present case, Boyette filed his motion six days late on February 17, 2004, rendering his motion untimely and depriving the trial court of jurisdiction to proceed further after the February 11, 2004, deadline expired. In short, the trial court did not have the authority to act on Boyette's motion when it granted the motion on May 18, 2004. *See Markham, supra; Wright, supra; Davis, supra.* Therefore, we grant the State's petition for writ of certiorari; the trial court's order granting Boyette's motion to correct costs is reversed, and the original judgment and disposition order, including court costs, remains valid and enforceable.