## STATE of Arkansas  *v.*  Lynn WILMOTH

CR 06-1195                                              255 S.W.3d 419

Supreme Court of Arkansas
Opinion delivered April 12, 2007

[Rehearing denied May 17, 2007.]

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellant.

*James P. Clouette*, for appellee.

TOM GLAZE, Justice. The State has appealed, or in the alternative, petitioned for a writ of certiorari, from an order of the Perry County Circuit Court dismissing three cases against appellee Lynn Wilmoth. Wilmoth was charged with rape in March of 1981; this case was given a docket number of CR81-10. A Perry County jury convicted Wilmoth of rape on February 17, 1982, and sentenced him to twenty-one years' imprisonment. The Perry County Circuit Court entered the judgment in CR81-10 on September 16, 1982, *nunc pro tunc* to February 17, 1982. Wilmoth appealed his conviction to the Arkansas Court of Appeals, which affirmed in an unpublished opinion. *See Wilmoth v. State*, CACR82-162 (Ark. App. May 4, 1983). For unknown reasons, however, the judgment and commitment order from CR81-10 was not sent to the Arkansas Department of Correction (ADC) until October 16, 1997.

Pending his appeal in CR81-10, Wilmoth remained free on bond. However, during the pendency of his appeal in CR81-10, Wilmoth was charged with carnal abuse in Perry County in two additional and separate offenses, docketed as case numbers CR82-05 and CR82-06. Wilmoth entered pleas of guilty in both CR82-05 and CR82-06 on April 12, 1983, and he was sentenced to ten years on each count, to be served concurrently. In yet other felony charges, Wilmoth also pled guilty to four counts of first-degree carnal abuse in case number CR82-351 in Pulaski County; he received four ten-year sentences, to be served consecutively. The commitment order in CR82-351 also noted that Wilmoth's sentences were to run consecutively to the sentence he received in Perry County. Wilmoth was committed to the ADC on April 12, 1983.

Wilmoth was paroled in 1995, but in 1997, he violated his parole; it was apparently at this time that the Perry County conviction and sentence in CR 81-10 were discovered and forwarded to the ADC. Upon being returned to prison, Wilmoth served another seven years until his release in 2004.

On February 22, 2006, Wilmoth filed a motion to dismiss the three Perry County charges — CR81-10, CR82-05, and CR82-06 — on the grounds that his right to a speedy trial had been violated by the State's failure to send the Perry County Circuit Court judgment and

commitment order in CR81-10 to the ADC until 1997. Citing *Jolly v. State*, 358 Ark. 180, 189 S.W.3d 40 (2004), Wilmoth argued that the delay of over fourteen years in the placing of the judgment and commitment order into execution violated his constitutional rights. Without conducting a hearing, the circuit court granted Wilmoth's motion on July 27, 2006. The court found that the State had no valid excuse for the delay in the execution of the sentence, and Wilmoth was prejudiced by the delay "based upon the fact that it effected [*sic*] his release from prison and his parole status." As such, the court ordered "that the above cases are dismissed for violation of speedy trial."

The State filed a timely notice of appeal on August 23, 2006, and now contends that the circuit court lacked jurisdiction to entertain Wilmoth's motion, or alternatively, that the court's decision to dismiss the three Perry County cases was in error.

Before addressing the merits of this case, this court must determine whether the State has properly brought its appeal pursuant to Ark. R. App. P. – Crim. 3 (2006). As this court has frequently observed, there is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. The former is a matter of right, whereas the latter is not derived from the Constitution, nor is it a matter of right, but is granted pursuant to Rule 3. *State v. Boyette*, 362 Ark. 27, 207 S.W.3d 488 (2005); *State v. Pruitt*, 347 Ark. 355, 64 S.W.3d 255 (2002); *State v. McCormack*, 343 Ark. 285, 34 S.W.3d 735 (2000). When this court addresses an appeal by the State, we first determine whether the correct and uniform administration of the criminal law requires our review. *See* Rule 3(c); *State v. Markham*, 359 Ark. 126, 194 S.W.3d 765 (2004); *State v. Johnson*, 317 Ark. 226, 876 S.W.2d 577 (1994). As a matter of practice, this court has only taken appeals which are narrow in scope and involve the interpretation of the law. *State v. Pittman*, 360 Ark. 273, 200 S.W.3d 893 (2005); *State v. Warren*, 345 Ark. 508, 49 S.W.3d 103 (2001).

However, we have recently noted that, when an appeal involves neither a direct nor an interlocutory appeal following a prosecution, but is rather a civil appeal arising from a collateral proceeding, the appeal is civil in nature, and the State is not required to satisfy Rule 3. *See State v. Burnett*, 368 Ark. 625, 232 S.W.3d 427 (2007). Because the instant case arises from a collateral proceeding, we conclude, as we did in *Burnett, supra*, that the State need not satisfy Rule 3.

We now turn to the merits of the State's appeal. The primary point raised by the State is that the circuit court lacked jurisdiction to entertain Wilmoth's motion to dismiss.[1] In his motion, the only statutes or rules cited as authority by Wilmoth were Rules 28.1, 28.2, and 28.3 of the Arkansas Rules of Criminal Procedure. These rules, however, are quite plainly inapposite, as they deal specifically with the time in which a defendant must be *brought to trial*, when that time commences, and what periods of time may be excluded. In this case, Wilmoth has already stood trial, and in fact, he has received a sentence for every conviction and guilty plea that he has accrued. Thus, the only authorities cited in Wilmoth's motion to dismiss do not indicate what jurisdiction the circuit court possessed to hear his motion.

In its brief on appeal, the State asserts that there was no basis or ground on which the circuit court could have claimed to have the authority to consider or grant Wilmoth's motion. The State has approached its argument by positing several different ways in which Wilmoth *might* have attempted to challenge his sentencing, but argues convincingly that none of them would have had merit, even if Wilmoth *had* utilized them. More specifically, the State discusses the following: 1) postconviction relief under Ark. R. Crim. P. 37; 2) habeas corpus relief; 3) error coram nobis relief; and 4) Ark. Code Ann. § 16-90-111 (Supp. 2005).

Regarding Rule 37, the State maintains that the circuit court lacked jurisdiction to treat Wilmoth's motion as a Rule 37 motion for several reasons. First, the State notes that Wilmoth did not challenge his belated imprisonment due to the alleged delay in the execution of his sentences, but instead sought to have the judgments of conviction vacated due to the alleged delay. Indeed, Wilmoth's motion asked the circuit court to "dismiss the charges in Perry County." This court has held that a "petition for postconviction relief attacking a judgment, regardless of the label

---

[1] Wilmoth contends that the State failed to raise its jurisdictional arguments in the circuit court. However, when the issue is whether the trial court acted in excess of its authority, it becomes a question of subject-matter jurisdiction, and the trial court's loss of jurisdiction over a defendant "is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court." *State v. Boyette*, 362 Ark. 27, 31, 207 S.W.3d 488, 491 (citing *Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985)). Accordingly, the State's failure to raise this argument below is not an impediment to our consideration of it on appeal.

placed on it by the petitioner, is considered pursuant to our postconviction rule, Criminal Procedure Rule 37." *Bailey v. State*, 312 Ark. 180, 182, 848 S.W.2d 391, 392 (1993) (per curiam) (citing *Williams v. State*, 291 Ark. 244, 724 S.W.2d 158 (1987)). However, Rule 37 is "applicable *only* to such persons who are in custody." *Bohanan v. State*, 336 Ark. 367, 370, 985 S.W.2d 708, 709 (1999) (emphasis added) (rejecting argument that a person on parole was "in custody" of the Department of Correction and holding that a petitioner must be incarcerated to be entitled to Rule 37 relief). *Compare State v. Herred*, 332 Ark. 241, 964 S.W.2d 391 (1998) (holding that the trial court had jurisdiction to grant Rule 37 relief where petitioner Herred was in custody at the time the court ruled on his motion).

Here, at the time Wilmoth filed his petition in 2006, he had been released from custody in 2004 and was on parole. Because he was not in custody, the circuit court lacked jurisdiction to consider Wilmoth's attack on the judgment as a petition for postconviction relief pursuant to Rule 37. *See Bailey*, 312 Ark. at 182, 848 S.W.2d at 392 (the timeliness of a postconviction petition is jurisdictional, and a trial court cannot grant postconviction relief on an untimely petition).

The State further urges that, even if Wilmoth had been in custody, his petition was untimely, and the circuit court lacked jurisdiction to consider it for that reason as well. At the time of Wilmoth's conviction, a Rule 37 petition had to be entertained within three years after the date of commitment. In *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989), this court held that Rule 37.2(c) required a petition for postconviction relief to be filed "within three years of the date of commitment, unless the ground for relief would render the judgment absolutely void." *Maxwell*, 298 Ark. at 331, 767 S.W.2d at 304. Where petitioner Maxwell did not file a Rule 37 petition for seven years, this court held that the circuit court clearly lacked jurisdiction to consider Maxwell's untimely petition. *Id*. Moreover, this court held in *Locklear v. State*, 290 Ark. 70, 71, 716 S.W.2d 766, 767 (1986), that an alleged speedy-trial violation is not a defect sufficient to void a judgment. Accordingly, even if Wilmoth had been in custody, his petition was untimely, and it did not raise a ground for relief that would have rendered the judgment void; thus, we conclude that

the circuit court lacked jurisdiction to consider Wilmoth's motion as a Rule 37 petition for postconviction relief.[2]

The State next raises and addresses an alternative argument wherein it contends that, even if it were possible to view Wilmoth's motion to dismiss the Perry County cases as a petition for some other form of relief, such as either a request for habeas corpus relief or a petition for writ of error coram nobis, the motion would still have been untimely, and thus, the circuit court still lacked jurisdiction to entertain it. We agree.

The circuit court could not have treated Wilmoth's motion as a petition for writ of habeas corpus, because Wilmoth was not in custody at the time he filed it. *See Anderson v. State*, 352 Ark. 36, 98 S.W.3d 403 (2003); *Pardue v. State*, 338 Ark. 606, 608, 999 S.W.2d 198, 199 (1999) (per curiam) (where petitioner was not incarcerated as a direct result of his conviction when he filed his habeas-corpus petition, the circuit court lacked jurisdiction to grant relief). Further, the circuit court could not have treated Wilmoth's motion as a petition for writ of error coram nobis because Wilmoth had not petitioned this court for leave to proceed in the trial court with such a petition. *See Dansby v. State*, 343 Ark. 635, 637, 37 S.W.3d 599, 600 (2001) (circuit court can entertain a petition for writ of error *coram nobis* after a judgment has been affirmed on appeal only after this court grants permission).

Wilmoth responds that the court could and should have treated his motion as a writ of error coram nobis, because the writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *See, e.g., Pitts v. State*, 336 Ark. 580, 986 S.W.2dd 407 (1999) (per curiam). However, his argument ignores the requirement that he must have first sought this court's permission to file such a petition. *See Dansby, supra.*

Finally, the State suggests that the trial court lacked jurisdiction to consider Wilmoth's motion under Ark. Code Ann. § 16-90-111(a) (Supp. 2005), which authorizes a circuit court to correct an illegal

---

[2] Even if the court were to apply the version of Rule 37 in effect at the time Wilmoth filed his motion, the motion would have been even more patently untimely. In 2006, Rule 37 required that, when a defendant has been convicted and has appealed the judgment of conviction, as Wilmoth did with his 1982 Perry County conviction, a petition for postconviction relief must be filed within sixty days of the date the mandate was issued by the appellate court. *See* Ark. R. Crim. P. 37.2(c) (2006).

sentence at any time. The State urges that this statute could be of no aid to Wilmoth for two reasons: first, no argument has been raised that his sentences were facially invalid, and second, the sentences were imposed before the effective date of the original version of that statute, Act 431 of 1983, which was July 4, 1983.

■ Wilmoth responds by noting that this court has held that § 16-90-111 "is substantially in conflict with Rule 37.2." In *Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994), this court stated that § 16-90-111 (Supp. 1991), "which permits the trial court to correct a sentence imposed in an illegal manner with[in] 120 days after receipt of the affirming mandate of the appellate court and which permits an illegal sentence to be corrected at any time is in conflict with Criminal Procedure Rule 37." *Reed*, 317 Ark. at 288, 878 S.W.2d at 377. *See also Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994) (declaring that Rule 37 controls over § 16-90-111, because statutes are given deference only to the extent that they are compatible with our rules; the language in § 16-90-111 that permitted an illegal sentence to be corrected at any time was in conflict with Rule 37, which provides that a petition is untimely if not filed within sixty days). Wilmoth's response to the State's argument is of no avail, however, because whether his motion could be viewed as a petition for relief under § 16-90-111 or under Rule 37, it was untimely in any event.

■ Finally, Wilmoth suggests that the trial court did not err in correcting his sentence because "Ark. R. Civ. P. 60(a) allows the correction of a judgment outside the ninety-day period where there has been a misprision of the clerk." However, this contention runs afoul of this court's statement in *McArty v. State*, 364 Ark. 517, 519, 221 S.W.3d 332, 332 (2006) (per curiam), that we do not apply Rule 60 in criminal cases, "including those involving a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1."

In sum, there was simply no authority by which the circuit court could have considered Wilmoth's motion to dismiss the Perry County cases. Because the circuit court lacked jurisdiction to entertain Wilmoth's motion, we must reverse the decision of the circuit court and dismiss the action.[3]

---

[3] Because we decide this case on the jurisdictional question, we do not address the State's additional argument, in which it contends that, even if the circuit court could be said

to have had jurisdiction, the court nonetheless misinterpreted the holding of *Jolly v. State*, *supra*, and erred in granting Wilmoth's motion to dismiss.