SLIP OPINION

Cite as 2016 Ark. 11

# SUPREME COURT OF ARKANSAS

No. CR–15–682

| | | |
|---|---|---|
| GREGORY W. NICKELS | | **Opinion Delivered** January 14, 2016 |
| | APPELLANT | |
| V. | | PRO SE MOTIONS TO CORRECT AND RESTORE RECORDS AND FOR APPOINTMENT OF COUNSEL [FAULKNER COUNTY CIRCUIT COURT, NOS. 23CR-98-753; 23CR-00-47] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

In 2001, appellant Gregory W. Nickels was convicted of a number of drug-related charges in two separate proceedings in the Faulkner County Circuit Court. After two jury trials, the judgments in the two cases reflect that the juries imposed consecutive sentences of 300 months' and 348 months' imprisonment in the Arkansas Department of Correction. No appeal was taken from the judgments.

In 2014, Nickels filed in the trial court a petition challenging the two judgments that was entitled "Writ of Mandamus and Declaratory Judgment with Certiorari to The Supreme Court of the State of Arkansas." He later filed a "Motion to Compel Production and Delivery of Docket Activity" in which he sought to receive certain documents in the proceedings. On April 30, 2015, the trial court entered an order that denied the motion and the petition on the basis that Nickels should pursue his remedy in this court. Nickels lodged an appeal in this

SLIP OPINION

court, and he has filed two motions in which he seeks to correct the record and appointment of counsel. We dismiss the appeal, and the motions are therefore moot.[1]

Although the petition was couched in terms of extraordinary relief, Nickels sought postconviction relief from his convictions. *See State v. Wilmoth*, 369 Ark. 346, 255 S.W.3d 419 (2007). This court has consistently held that an appeal from the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Munson v. Ark. Dep't of Corr. Sex Offender Screening & Risk Assessment*, 369 Ark. 290, 253 S.W.3d 901 (2007); *see also Hood v. State*, 2015 Ark. 400 (per curiam) (declining to consider the petitioner's excuse for procedural default where it was clear from the record that the petitioner could not prevail if an appeal of postconviction relief were allowed to proceed).

The relief that Nickels requested was permission to proceed with a direct appeal of the two judgments of conviction from 2001. He alleged various trial errors, his actual innocence, and ineffective assistance of counsel. The trial court correctly concluded that it could not consider a request to proceed with a belated appeal. Under Arkansas Rule of Appellate Procedure–Criminal 2(e) (2015), only this court may consider a timely application for belated appeal of a judgment of conviction.

Nickels alleged ineffective assistance of counsel as a basis for relief. Ineffective assistance is a claim that would be cognizable under Arkansas Rule of Criminal Procedure 37.1

---

[1]In his motion to correct the record, Nickels seeks to have portions of the record revised, omitted, or supplemented. The relevant portions of the record have no bearing on our disposition. We also note that the parties have now fully briefed the matter. In his brief, Nickels contends that there was error in the trial court's rulings by reasserting his position in the petition filed below.

(2005). This court has held that a petition for postconviction relief attacking a judgment, regardless of the label placed on it by the petitioner, is considered pursuant to Rule 37. *Wilmoth*, 369 Ark. 346, 255 S.W.3d 419; *see also Murphy v. State*, 2013 Ark. 243 (per curiam) (holding that trial court was permitted to treat claims raised that were cognizable under Rule 37 as if raised in a Rule 37.1 petition).

Even if the court had treated the petition as one under Rule 37, the petition would not have been timely. Under Criminal Procedure Rule 37.2(c) (2010), Nickels was required to file his Rule 37.1 petition within ninety days of the date of entry of a judgment not appealed. In this case, the judgments were both entered in 2001, and Nickels filed his petition for postconviction relief years later, in 2014. The petition that Nickels filed therefore was not a petition on which the trial court could grant relief under Rule 37.

Appeal dismissed; motions moot.