Cite as 2022 Ark. 220

# SUPREME COURT OF ARKANSAS

**No.** CV-22-296

| | |
|---|---|
| JERRY HERRON<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF CORRECTIONS<br><br>APPELLEE | **Opinion Delivered**: December 8, 2022<br><br>APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT [NO. 01SCV-18-118]<br><br>HONORABLE DONNA GALLOWAY, JUDGE<br><br>APPEAL DISMISSED. |

**BARBARA W. WEBB, Justice**

Appellant Jerry Herron appeals from the circuit court's order denying his motion for new trial based on allegations of juror misconduct. Herron argues on appeal that he is entitled to a new trial because a juror seated for his 2004 criminal trial knowingly concealed their bias. In response, the State asserts that both Herron's motion for new trial and notice of appeal were filed untimely. We agree and dismiss the appeal.

Herron was convicted by an Arkansas County jury of first-degree murder and sentenced to life imprisonment. The judgment and commitment order was entered on January 12, 2004. Herron appealed, arguing that the circuit court erred by denying his motion for severance. This court affirmed Herron's conviction on May 26, 2005. *Herron v. State*, 362 Ark. 446, 208 S.W.3d 779 (2005).

On July 3, 2018, Herron filed a petition for writ of habeas corpus and motion for new trial in the Arkansas County Circuit Court, wherein he alleged juror misconduct.

Specifically, he alleged Dorothy Mae Danzy, who served as a juror for his 2004 trial, failed to disclose her son's murder on a juror questionnaire and during voir dire. Herron asserted Danzy was inherently biased due to her nondisclosure, which, in turn, deprived him of a fair and impartial trial.

On December 3, 2018, Arkansas County Circuit Judge David Henry held a hearing on Herron's habeas petition and motion for new trial. Prior to taking witness testimony, the circuit court dismissed Herron's habeas petition without prejudice because the court lacked jurisdiction to act on the petition, given that Herron was incarcerated in Lincoln County.[1] The parties proceeded on Herron's motion for new trial.

After hearing witness testimony and arguments from counsel, Judge Henry ruled Herron had not demonstrated that Danzy failed to answer any question honestly or had deliberately concealed any fact that would have provided a basis for setting aside the jury verdict. Judge Henry's signed order denying the motion for new trial was entered on January 17, 2019. Herron subsequently filed an objection to the order on January 22, 2019.[2]

On September 27, 2021, Herron filed a motion to substitute postconviction counsel. Thereafter, the presiding judge for Arkansas County, Donna Galloway, entered a second order denying the motion for new trial on October 4, 2021. Herron filed his notice of appeal on October 27, 2021, designating his appeal from the October 4, 2021, order.

---

[1] A petition for writ of habeas corpus is properly addressed to the circuit court in which the prisoner is held in custody. *Dunahue v. Kelley*, 2018 Ark. 4, 534 S.W.3d 140.

[2] The record does not indicate that the circuit court ever ruled on this motion.

We now address the State's assertion that the circuit court lacked jurisdiction to consider Herron's motion for new trial because the motion was untimely, and, in addition, the notice of appeal was untimely as well. As this issue pertains to our subject-matter jurisdiction, we address it before reaching the merits of Herron's arguments. Although Herron suggests that the State waived any jurisdictional argument by failing to raise it below, we have frequently held that whether a circuit court acted in excess of its authority is a question of subject-matter jurisdiction. *O'Connor v. State*, 367 Ark. 173, 175, 238 S.W.3d 104, 106 (2006). And a question of subject-matter jurisdiction may be raised by a party for the first time on appeal. *Gates v. State*, 353 Ark. 333, 335, 107 S.W.3d 868, 869 (2003).

Arkansas Rule of Criminal Procedure 33.3(b) (2003) states in pertinent part that "[a]ll posttrial motions or applications for relief must be filed within thirty days after the date of entry of judgment." Arkansas Code Annotated section 16-91-105(b)(1) (1987) further provides that "[p]rior to the time fixed to file a notice of appeal, a person convicted of either a felony or misdemeanor may file a motion for new trial." Thus, a timely motion for new trial must be filed within thirty days of the entry of judgment. *See* Ark. R. App. P.–Crim. 2(a)(1) (2003).

Herron's judgment and conviction order was entered on January 12, 2004. Any posttrial motion was, therefore, due on February 11, 2004. Yet Herron did not file his motion for new trial until 2018. The motion is clearly untimely, and the circuit court was deprived of jurisdiction to proceed after the February 11, 2004, deadline. *State v. Boyette*, 362 Ark. 27, 33, 207 S.W.3d 488, 493 (2005). The circuit court did not have authority to act on Herron's motion when it entered orders in 2018 and 2021. *See Harris v. State*, 327

Ark. 14, 15, 935 S.W.2d 568, 569 (1997) (noting a circuit court lacks jurisdiction to belatedly deny a motion for new trial). When the circuit court lacks jurisdiction to consider a motion, this court also lacks jurisdiction to consider an appellant's claims. *Williamson v. State*, 2012 Ark. 170. Accordingly, we dismiss Herron's appeal.

Appeal dismissed.

*Mark Alan Jesse*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.